John J. TYNE, Jr., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16945.

United States Court of Appeals
Seventh Circuit.

April 2, 1969.

Thomas J. Carley, Rockville Center, N. Y., for petitioner.

Mitchell Rogovin, Howard M. Koff, Lee A. Jackson, Meyer Rothwacks, Attys., Dept. of Justice, Tax Division, Richard C. Pugh, Acting Asst. Atty. Gen., Washington, D. C., for respondent.

Before KNOCH, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

This is a sequel to Tyne v. C.I.R. (7th Cir. 1967), 385 F.2d 40. We shall not repeat what was written there.

The judgment then entered and incorporated into our mandate to the tax court, read as follows: "that the decisions of the Tax Court of the United States entered in this cause on January 18, 1967, be, and the same are hereby, REVERSED, and that this cause be, and it is hereby, REMANDED to the Tax Court of the United States with instructions to the Commissioner to determine the allocation of the proportion of driving expenses which is a reasonable cost of doing business under Section 162, in accordance with the opinion of this Court filed this day."

The commissioner determined that 50% of the portion of driving expense not already allowed by the tax court for on-the-job travel was deductible, and presented computations reflecting that allocation. Tyne moved for trial, but the tax court denied the motion, taking the position that our mandate required no hearing.[1] The tax court entered decisions in conformity with the commissioner's figures.

I.

If the taxpayer, Mr. Tyne, really contends that he could, at trial, show that the commissioner's 50% allocation of expense between the two purposes (transportation of tools and personal transportation) is unreasonable, we would have little difficulty in deciding that the tax court must afford him the opportunity. The 1967 mandate can not be construed as compelling the tax court to abdicate its responsibilities and accept the commissioner's decision as its own.

It is not clear from the briefs that Mr. Tyne seeks this opportunity. But we make it clear that he has such right on remand if he falls short of success under point III, below.

II.

Tyne asks us to reconsider part of our 1967 decision. He contends, as he did then, in substance, that where it is necessary that an employee transport his trade tools to and from work by automobile, his expenses for doing so are 100% deductible whether or not he would have driven to and from work in the absence of such necessity.

It is plain that his contention was considered and rejected in the 1967 decision. He did not seek rehearing then, and we decline to grant one now.

III.

Tyne asserts that in fact he would not have used his automobile to drive to and from work in the years in question but for the necessity of transporting his tools. He contends, accordingly, that the expenses so incurred are 100% deductible.[2]

The tax court made no finding in its first decision (nor its second) with respect to the so-called primary purpose, or "but for", issue.

1. The presiding judge said, "The mandate does not require a new hearing. The mandate is one of the strangest I have seen arrive here from a Court of Appeals in that it imposes no duty on the Tax Court whatsoever, but does impose on the Commissioner the duty to make an allocation.

"Now, to my way of thinking, if the Commissioner has made an allocation he has complied with the order of the Court of Appeals and until I receive some further direction from the Court of Appeals I will so treat it."

2. Sullivan v. Commissioner of Internal Revenue (2d Cir. 1966), 368 F.2d 1007; Rev.Rule 63-100 (1963-1), Cum.Bull. 34.

It is arguable that the reference in our 1967 judgment to the determination of an allocation implied that we had determined either (1) that the record precluded a finding favorable to Tyne on the "but for" issue or (2) that we had rejected the proposition of law, upheld in the second circuit in *Sullivan*, that if a taxpayer can prevail on the "but for" issue, he may deduct 100% of the expenses.

Neither (1) nor (2) is explicit in the 1967 opinion. Had we intended to reject what was referred to as "The first holding in the Second Circuit's *Sullivan* decision," the opinion would surely have made that evident.

The commissioner's brief, on the 1967 review, said, "In conclusion, the taxpayer is entitled to a deduction only if he can show that his transportation expenses were occasioned primarily by the necessity for transporting tools. But since the Tax Court's rationale foreclosed taxpayer from making that showing, the case should be remanded." If we intended to grant taxpayer less of an opportunity in that direction than the commissioner conceded, we would probably have said so.

The commissioner's brief on the instant review says, "If, however, this Court in 385 F.2d 40, did not intend to foreclose applicability of the 'but for' rule in an appropriate situation, then it would appear that this case should be remanded for a factual determination by the Tax Court whether the taxpayer comes under the 'but for' rule so as to be entitled to a full deduction for the claimed expenses."

We conclude that the 1967 mandate did not limit the tax court to determining an appropriate allocation after consideration of the determination made by the commissioner.

Tyne should have been given, and must now on remand be given, an opportunity to establish that he would not have used his automobile to drive to and from work in the years in question but for the necessity of transporting his tools. If he suc-

ceeds, he will be entitled to deduct 100% of the expenses in question.

The decisions appealed from are reversed, and the cause remanded for further proceedings consistent with this opinion.