ROBERT A. HITT AND MARIAN E. HITT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4174-69. Filed January 7, 1971.

Robert A. Hitt, pro se.
*J. Patrick McElroy*, for the respondent.

HOYT, *Judge:* The respondent has determined a deficiency in the petitioners' income tax for the calendar year 1967 in the amount of $116.62.

The issue presented for our decision is whether the petitioner-husband is entitled to deduct expenses incurred in traveling in his auto-

mobile between his home and his place of employment. Involved are sections 162 and 262 of the 1954 Code.

## FINDINGS OF FACT

Most of the facts in this case have been stipulated and are found accordingly. The stipulation of facts and exhibit attached thereto are incorporated herein by this reference.

During the taxable year in question, the petitioners, Robert A. Hitt and Marian E. Hitt, husband and wife, resided in Commack, N.Y., and Fort Lauderdale, Fla. At the time they filed the petition in this case, they resided in Fort Lauderdale.

The petitioners filed their joint Federal income tax return for the taxable year 1967 with the director of the Internal Revenue Service Southeast Service Center in Chamblee, Ga.

Robert was employed throughout 1967 by United Airlines (United) as a flight officer.

At the beginning of 1967, Robert was stationed by United in New York, N.Y. During that time, he and his family resided in Commack. On September 29, 1967, United transferred Robert to Miami, Fla. Upon moving to Florida, Robert and his family resided in Fort Lauderdale.

To report for work while living in New York, Robert would travel to either Kennedy Airport or LaGuardia Airport in his own automobile from his home in Commack. To report for work while living in Florida, Robert would travel to Miami International Airport in his own automobile from his home in Fort Lauderdale. When it was necessary for Robert to fly out of West Palm Beach International Airport, he did not travel directly to that facility in his automobile; instead, he would drive to the Miami airport and then fly to West Palm Beach.

On each flight, Robert took along two pieces of luggage. One contained clothes and personal items, and the other, his "flight bag," contained the following equipment which United required Robert to carry with him on each flight:

Airplane Flight Manual
Flight Operations Manual
Two flashlights (one two-cell and one one penlight)
Pliers
One 4-inch or 6-inch Crescent wrench
Screwdriver
Knife
Needlenose pliers (with side cutters)
Phillips screwdriver

While he was stationed in New York, Robert made 72 round trips in his automobile from Commack to Kennedy Airport or LaGuardia

Airport. The distance between his residence in Commack and each of these airports is 45 miles. During the year in issue, he traveled a total of 6,480 miles to and from work in New York.

While he was stationed in Florida, Robert made 24 round trips in his automobile from Fort Lauderdale to Miami International Airport. The distance between his residence in Fort Lauderdale and the Miami airport is 31 miles. During the year in issue, he traveled a total of 1,488 miles to and from work in Florida.

Even if Robert had not been required to take his flight bag with him on his trips, he would still have driven his automobile to work since adequate public transportation was not available between his homes and the airports in question; he incurred no expense beyond the expense of commuting by reason of transporting his personal valise and flight bag.

On their income tax return for the year 1967, the petitioners claimed a deduction for $846.40,[1] representing Robert's entire cost of "transportation from home to airports and return." They stated in the schedule that transportation was necessary "in order to carry flight equipment which is too heavy and cumbersome to take on public transportation system, *if such were available*." (Emphasis added.)

In his statutory notice of deficiency to petitioners, dated May 27, 1969, the respondent disallowed the claimed deduction "because commuting expense is a nondeductible personal expense under section 262 of the Internal Revenue Code."

### OPINION

The petitioners contend that they can deduct the expense Robert incurred in driving his automobile to and from work during the year 1967. To be deductible, such an expense must fall within the purview of section 162 [2] which provides that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

The respondent, on the other hand, argues that the expense is nondeductible under the provisions of section 262. That section denies a deduction for "personal, living, or family expenses."

It is a well-accepted rule that the expenses of travel between one's residence and place of employment (i.e., commuting expenses) are nondeductible personal expenses under section 262. *Commissioner* v. *Flowers*, 326 U.S. 465 (1946); *William L. Heuer, Jr.*, 32 T.C. 947

---

[1] There is no substantiation issue in this case, and the respondent accepts the accuracy of the petitioners' calculation.

[2] All section references are to the Internal Revenue Code of 1954, unless otherwise indicated.

(1959), affirmed per curiam 283 F. 2d 865 (C.A. 5, 1960). The petitioners are apparently of the view, however, that because Robert was required by his employer to have his flight bag with him at work, the expense of transporting the flight bag to the airport and back is deductible.[3] We hold that, on the facts of this case, no such deduction is permissible.

In *Lawrence D. Sullivan*, 45 T.C. 217 (1965), a construction worker sought to deduct the expense of using his car to transport himself and his 32-pound bag of tools from his home to various job locations. In denying the deduction, we stated that such commuting expenses were nonbusiness in nature regardless of whether the tools were light or heavy, whether they were few or many, or whether there were special circumstances dictating a mode of transportation more expensive than one which would have been employed were it not for the need to carry tools to work. *Lawrence D. Sullivan*, *supra* at 220.

On appeal, *Sullivan* was reversed and remanded. See *Sullivan* v. *Commissioner*, 368 F. 2d 1007 (C.A. 2, 1966), certiorari denied 396 U.S. 827 (1969). The Court of Appeals for the Second Circuit held that the taxpayer "ought to be allowed to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools," and that this rule should obtain even if the taxpayer would have used his car to go to work had it not been necessary for him to transport his tools. 368 F. 2d at 1008. The court concluded that this rule more fairly reflected the "dual character" of the taxpayer's transportation expenses. In *Tyne* v. *Commissioner*, 385 F. 2d 40 (C.A. 7, 1967) and 409 F. 2d 485 (C.A. 7, 1969),[4] reversing and remanding Memorandum Opinions of this Court, the Seventh Circuit followed the allocation approach of *Commissioner* v. *Sullivan*, *supra*, in those situations where "the taxpayer is required by his type of work to bring with him daily tools of such size and weight that they cannot be readily carried by the taxpayer." 385 F. 2d at 41. The court observed that if the taxpayer "would not have used his automobile to drive to and from work in the years in question but for the necessity of transporting his tools," he would be able to deduct

---

[3] The present case is similar to *Clarence H. O'Donnell*, T.C. Memo. 1962-114. There, the taxpayer was a pilot who sought to deduct the expense of using his automobile to transport himself, his personal luggage, and his required flight bag from his home to the airport where he was stationed. We held that, since the dominant purpose of the taxpayer's trips was to travel to and from the airport, the expense he incurred was essentially a commuting expense and was therefore nondeductible. The fact that public transportation was not available did not change, in this Court's view, the essential character of the transportation. See also *Neil M. Kelly*, T.C. Memo. 1964-73, and *Robert H. Bodholdt*, T.C. Memo. 1961-87.

[4] Certiorari denied 396 U.S. 838 (1969).

100 percent of his traveling expenses.[5] 409 F. 2d at 487. This latter view is in accord with the one adopted by the Commissioner. See Rev. Rul. 63–100, 1963–1 C.B. 34.

We are not faced with passing upon this precise issue here. We conclude and hold that if a taxpayer uses his automobile to commute to work in any and all events, he should not be permitted to deduct any of his traveling expenses since he incurred no expense whatever by reason of transporting the tools of his trade. The entire expense is a commuting expense of a nondeductible personal nature and not occasioned by trade or business necessity.

We will not adhere to our former views expressed in *Lawrence D. Sullivan, supra. Harold Gilberg*, 55 T.C. 611 (1971), decided this date. We agree with the Courts of Appeal in the *Sullivan* and *Tyne* cases only insofar as they recognize that in some cases an exception to the general commuting rule should be made where a taxpayer drives his personal automobile to and from work *in order to transport tools and equipment*, required in his occupation, which are too heavy or cumbersome to be carried in any practical manner on an alternative mode of transportation. However, we do not agree with the conclusion in the *Sullivan* and *Tyne* opinions that even if a taxpayer would have used his automobile to drive to and from work, whether or not it was necessary for him to transport his tools, he should be allowed to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools.[6] We are not constrained to follow those cases under the rule of *Jack E. Golsen*, 54 T.C. 742 (1970), on appeal (C.A. 10, May 4, 1970), as we were in *Donald W. Fausner*, 55 T.C. 620 (1971), decided this date, because petitioners in this case resided in Florida within the Fifth Judicial Circuit of the United States when they filed their petition herein. That Court of Appeals has not yet expressed its views on the issue in a decision which is squarely in point.

---

[5] In two Memorandum Opinions of this Court, we held that the question presented in *Sullivan* and *Tyne* was not at issue in the cases then at bar. See *Daniel Fiore*, T.C. Memo. 1968–104, and *James P. Marzano*, T.C. Memo. 1970–159. Both cases involved police officers who used their automobiles to transport themselves and their uniforms and equipment to work. *Both men had public transportation available to them*, could have worn their uniforms to work, and could reasonably have carried their equipment. Neither man was required to use his own automobile or to report for work in street clothes. Their decision to do so was a personal one. In light of these circumstances, we held that the question involved in *Sullivan* and *Tyne* was not present in *Fiore* and *Marzano* and that the cases fell within the general commuting expense rules. The deductions were accordingly denied.

[6] In Rev. Rul. 63–100, 1963–1 C.B. 34, the Commissioner carefully allows the deduction for the expense of transporting tools *only* where a taxpayer "would not use his automobile on such trips except for" the reason that the tools are too heavy or cumbersome to be carried otherwise than by car.

After a careful review of the many decided cases on this question, we conclude and hold that if a taxpayer would have used his personal automobile in any event to commute to and from work, as in the instant case, no deduction should be allowed for transporting tools; the need to transport equipment would not have burdened the taxpayer with any additional expense and the entire cost of going to and returning from work is a personal commutation expense. A deduction for transporting heavy, bulky, unwieldy, and cumbersome tools and equipment should be allowed only to the extent that the transporting of such items causes a taxpayer to incur expenses above and beyond those he would otherwise incur in commuting.

We have no evidence in this case as to the weight or bulk of the flight bag or the personal suitcase nor as to the business reason, if any, for carrying the personal luggage to work. Nevertheless, even if such evidence were available, and we were to conclude that the items in question were bulky, heavy, and needed by the taxpayer in his work, we would be unable to decide this issue in the petitioners' favor. This is because it is clear that Robert would have driven his car to work even if he had not been required to carry these items. Thus, the necessity to transport his equipment did not cause Robert to have any expense beyond what for him would have been normal commuting expenses.[7]

Here Robert chose, for personal reasons, to reside at a considerable distance from the airports at which he reported to work and at places where adequate public transportation was not available for his use in commuting back and forth. He should not be permitted to evade the "commuter rule" by throwing his personal luggage and his flight bag containing two manuals and a few tools into his car each time he drove to work.[8]

Having failed to prove that he was put to any expense by carrying his valise and flight bag to work, Robert cannot deduct the expense, which he would have incurred anyhow for commuting, as an ordinary and necessary business expense. The respondent's determination that it was a nondeductible personal expense under section 262 must be upheld.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

[7] The views expressed herein are in accord with our earlier opinion in *Clarence H. O'Donnell, supra,* in which we noted that carrying two pieces of luggage back and forth to the airport was merely incidental to the expense of commuting by car.

[8] As stated by the Seventh Circuit in *Tyne v. Commissioner,* 385 F. 2d at 41:

"It seems clear to us that a taxpayer should not be permitted to evade the Commuter Rule by throwing a hammer, wrench and a screwdriver into his automobile as he drives to work."

DRENNEN, *J.*, concurring: The Court has this day reviewed and approved the opinions in three cases involving the "commuter rule" and whether the carrying of bulky tools or equipment used in his business permits the deduction of all or a part of the taxpayer's expense incurred in driving his own automobile to and from his place of employment. In two of these cases, *Robert A. Hitt* and *Donald W. Fausner*, we had before us two airline pilots who incurred commuting expenses under very similar circumstances, both having to carry with them flight kit bags and suitcases, and we concluded that the expenses were deductible by one of them, Fausner, but not by the other, Hitt. In the third case, *Harold Gilberg*, the business of the taxpayer was different but the argument was also made, in the alternative, that commuting expenses were deductible because taxpayer was required to carry with him from his home to the jobsite certain equipment used in his business. We denied the deduction in this case. I agree with the conclusions reached and the reasoning utilized in each of these cases, but would hope to clarify in this opinion how and why we reached these seemingly incompatible conclusions.

In both *Hitt* and *Gilberg* we affirmatively endorsed the "commuter rule," i.e., that the normal expenses incurred in traveling between one's home and place of business are nondeductible personal expenses. Consequently, as stated in *Hitt*, if the taxpayer would have driven his car to work in any event, whether because of the distances involved, the lack of other means of getting to his job, or simply because of his own choice, he may not deduct any of the expenses of traveling to and from work in his own car, even though he carries tools or equipment used in his business with him in the car. Stated another way in *Gilberg*, to be entitled to a deduction for any part of his commuting expenses the taxpayer must show that he would not have driven his car to work "but for" the business necessity of carrying his tools or equipment. In both of those cases we found that the taxpayer would have driven his car to work in any event, and it was not shown that he incurred any additional expense by carrying his equipment with him, so we concluded that none of his traveling expenses were deductible.

However, although the Tax Court espoused the above rule with regard to commuting expenses, we allowed a deduction of part of the commuting expenses to Fausner. This was only because the Court of Appeals for the Second Circuit, to which appeal in the *Fausner* case would lie, adopted a different rule in *Sullivan* v. *Commissioner*, 368 F. 2d 1007, it being that a taxpayer is entitled to deduct that portion of his reasonable driving expenses which is allocable to the transportation of tools or equipment even though the taxpayer would have used his car in any event to go to work had it not been necessary for him to transport his tools. Pursuant to the policy decision of the Tax Court

in *Jack E. Golsen*, 54 T.C. 742, we must apply the rule approved by the controlling Second Circuit, where it is squarely in point, in deciding the *Fausner* case, even though it is contrary to the rule adopted by this Court. Applying the rule of the Second Circuit to the facts in the *Fausner* case we concluded that Fausner was entitled to deduct a portion of his commuting expenses. Hence, the seeming inconsistency between our conclusion in *Fausner* and our conclusion in *Hitt* on similar facts.

The rule adopted by this Court in *Hitt* and *Gilberg* does not, in my opinion, foreclose inquiry into whether, because of the type of work the taxpayer is engaged in, the distances involved, the temporary nature of the job, etc., the cost of travel to and from taxpayer's home and place of work is in reality an ordinary and necessary business expense rather than a personal expense of commuting. Nor does it necessarily preclude deduction of expenses incurred in connection with the use of his automobile after the taxpayer gets to his place of business. See, for example, the expense of Fausner's transportation between the two airports. It also leaves open the question of whether a taxpayer who would not have driven his car to work but for the necessity of transporting his tools or equipment is entitled to deduct the entire cost of driving his car to and from work or only a reasonable portion thereof; and if the latter, the basis for making the allocation between nondeductible personal and deductible business expenses.

RAUM, WITHEY, and DAWSON, *JJ.*, agree with this concurring opinion.

———

STERRETT, *J.*, concurring: I concur in the result reached by the majority for the reason that the objects carried by the petitioner herein do not justify a holding that they were "too heavy or cumbersome to be carried in any practical manner" on public transportation. Hence, the use of an automobile was a purely voluntary decision and its expense must fall within the nondeductible commuting expense prohibition. However, were the facts contrariwise, in that the objects at issue were too bulky to be carried on public transportation, I would allow a deduction for the cost of carrying such items to work.

Hence, I wish to disassociate myself from the majority's holding that "if a taxpayer uses his automobile to commute to work in any and all events, he should not be permitted to deduct any of his traveling expenses since he incurred no expense whatever by reason of transporting the tools of his trade."

Simply put, the majority's view can be summarized as holding that a business expense incurred simultaneously with a commuting expense ipso facto loses its deductible character. It would be just as logical to hold to the contrary; namely, that the commuting expense loses its

nondeductible character by reason of its association with the deductible expense incurred by one carrying the tools of his trade to work. Under this reasoning one end results in an out-of-pocket expenditure and the other end in none. But which end is up? A futile quest. An all-or-nothing approach ignores the realities of the situation and defies logic.

In the case where the individual uses his car to get to work because (1) he prefers to drive rather than take available public transportation and (2) he is burdened with certain accoutrement necessary to his work which is too heavy or cumbersome to take on public transportation, his car obviously serves a dual purpose. It transports both his "nondeductible body" *and* the deductible accoutrement to his place of employment. This being so, there is no need or justification to hold that either characteristic controls.

Consequently I would allow the cost attributable to carrying objects clearly necessary in an individual's employment and too cumbersome or awkward to carry on public transportation irrespective of whether said individual would have driven in any and all events. *Commissioner* v. *Sullivan*, 368 F.2d 1007 (C.A. 2, 1966) ; cf. *Tyne* v. *Commissioner*, 409 F.2d 485 (C.A. 7, 1969).

FORRESTER and FAY, *JJ.*, agree with this concurring opinion.