John J. TYNE, Jr., Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Nos. 71–1662, 71–1663.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 29, 1972.

Decided Oct. 12, 1972.

Rehearing Denied Nov. 1, 1972.

Thomas J. Carley, Rockville Centre, N. Y., for appellant.

Fred B. Ugast, Tax Div., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Jane M. Edmisten, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and SPRECHER, Circuit Judges.

PER CURIAM.

This case, involving the question of whether the taxpayer could deduct in the years 1957, 1958 and 1960 as an ordinary and necessary business expense under Section 162 of the Internal Revenue Code of 1954, the cost of transporting his trade tools in his automobile to his place of employment, is on appeal to this court for the third time.

Originally the Tax Court allowed 20% of the claimed expenses as being attributable to on-the-job requirements. 25 TCM 1113 (1966). This court reversed and remanded with instructions to the Commissioner to determine the allocation of the proportion of driving expenses which was a reasonable cost of doing business under Section 162. 385 F.2d 40 (1967).

The Commissioner on remand determined that 50% of the driving expense for on-the-job travel was deductible and presented computations reflecting that allocation. The taxpayer moved for trial but the Tax Court took the position that the mandate required no hearing. We reversed and remanded once again to give the taxpayer an opportunity for a

hearing to establish, if possible, that he would not have used his automobile to drive to and from work but for the necessity of transporting his tools. 409 F.2d 485 (1969).

The Tax Court on remand granted the hearing and found that (1) taxpayer would have used his automobile to travel between his home and his various places of employment even though there had been no necessity for him to transport his tools and (2) the 50% allocation of his expense to the transportation of his tools was reasonably based on the facts of record. 29 TCM 1398 (1970).

We affirm and adopt as the opinion of this court the memorandum opinion of the Tax Court.

Affirmed.