PATRICK SHEEHAN and ANNA SHEEHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Sheehan v. Commissioner
Docket No. 2606-71.
United States Tax Court
T.C. Memo 1973-116; 1973 Tax Ct. Memo LEXIS 171; 32 T.C.M. (CCH) 512; T.C.M. (RIA) 73116; May 22, 1973, Filed Thomas J. Carley, for the petitioners. Steedly Young, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the taxable year 1967 in the amount of $286.65. The issue for decision is what amount, if any, is petitioner Patrick Sheehan entitled to deduct as automobile expense for driving his car to and from his job site carrying tools.
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. 2 Petitioners, husband and wife, resided in Massapequa, Long Island, New York at the time they filed their petition in this case. They filed their 1967 joint Federal income tax return with the district director of internal revenue at Brooklyn, New York. Patrick Sheehan (hereinafter referred to *172 as petitioner) is a carpenter foreman. He was employed during the entire calendar year 1967 by Carjoe Construction Corporation, working at Stony Brook, Long Island, New York. The distance by automobile from Massapequa, Long Island to Stony Brook, Long Island is 36 miles. Petitioner in his employment as a carpenter foreman did carpentry work and also supervised other carpenters. During the year 1967 the number of other carpenters under petitioner's supervision varied from four to six. In his work as a carpenter foreman petitioner was required to supply his own small carpentry tools, as well as to have certain small tools available if needed for a carpenter under his supervision who did not have that tool. Petitioner in his work was also expected to have on the job site certain larger tools which were owned and supplied by the Carjoe Construction Corporation for the use of carpenters working on jobs at Stony Brook. Although there was no formal contract between petitioner and his employer with respect to petitioner's transportation of tools, there was an understanding between the employee and the management of Carjoe Construction Corporation that a carpenter foreman would have *173 available the tools he needed for 3 the work he was doing or supervising.If the tool was one supplied by the corporation, the carpenter foreman was expected to check that tool out and care for it and keep it in a safe place. If the tool were the type of hand tool that the employee himself furnished, he was expected to have the tool available with him at work. In order to meet this requirement, it was necessary for petitioner to carry tools of his own and company tools with him from his home to his place of employment since no safe storage space was provided for these tools at petitioner's job site in Stony Brook. Generally, petitioner carried a large number of small tools and some larger tools with him. His own tools would weigh between 100 and 150 pounds and the tools belonging to his employer that he carried would weigh about an equal amount, so that petitioner each day carried back and forth from his place of employment to his home between 200 and 300 pounds of tools. Sometime during the course of his employment as a carpenter foreman, petitioner was required during the workday to go from one job site to another of the Carjoe Construction Corporation. During the year *174 1967 Carjoe Construction Corporation was working on several projects at Stony Brook. Some weeks petitioner would find it necessary on several days to go from one job site of Carjoe Construction Corporation to another carrying tools with him, the distance being about one-half mile. During other weeks petitioner would not leave the job site to which he reported at the beginning of the workday. 4 There was bus service from Massapequa to Stony Brook. In order to make this trip two changes of buses were required. If a person left Massapequa at 7:34 in the morning by bus, he would arrive at Patchogue at 8:30. He could take a bus at 9:00 o'clock from Patchogue to Port Jefferson, arriving at Port Jefferson at 9:45 a.m. The next bus that departed from Port Jefferson was at 11:00 a.m., and this bus would arrive at Stony Brook at 11:15 a.m. If an individual took at 6:25 p.m. bus from Stony Brook, he would arrive at Port Jefferson at 6:40 p.m., and could leave on a 6:50 p.m. bus for Patchogue, arriving at Patchogue at 7:30 p.m. He could then catch a bus at 8:15 from Patchogue and would arrive at Massapequa at 9:36 p.m. In 1967 the one-way fare from Massapequa to Stony Brook was approximately *175 $1.65. Petitioner was not aware of the bus schedule from Massapequa to Stony Brook. Petitioner on his 1967 income tax return showed total miles "applicable to business" driven by him in 1967 as 17,500 and claimed a deduction of $1,097.20 as automobile expense. Respondent in his notice of deficiency disallowed the $1,097.20 claimed by petitioner as automobile expense with the explanation that these expenses were for commutation and therefore not an "allowable deduction." In his petition, petitioner claimed that $1,744.16 was deductible by him for business use of his automobile and claimed a refund of taxes paid. 5 ULTIMATE FINDINGS OF FACT 1. Petitioner would have driven his automobile to and from his work in 1967 if he had not been required to carry tools. 2. The tools which petitioner was required to carry to and from his work were too heavy for petitioner to have carried on public transportation. OPINION Section 162, I.R.C. 1954, provides for the deduction of ordinary and necessary expenses paid or incurred in carrying on any trade or business. Being an employee is considered as a trade or business. However, whether a person is self-employed or an employee, *176 we have consistently held that the expense of commuting to and from work is a personal expense and not a business expense. We have also held that even if an individual was required to carry tools with him to and from his work, he was not entitled to deduct the expense of driving his car to and from work if he would have driven even if he had not been required to carry the tools with him. Robert A. Hitt, 55 T.C. 628, 630, 632 (1971). Respondent urges us in this case to follow the above-enunciated rule and sustain his disallowance of the deduction claimed by petitioner for automobile expense in full, relying on Robert A. Hitt, supra; Harold Gilberg, 55 T.C. 611 (1971); and Fausner v. Commissioner, 472 F.2d 561 (C.A. 5, 1973), affirming a Memorandum Opinion of this Court. 6 In this case an appeal would lie to the United States Court of Appeals for the Second Circuit. That Court in Sullivan v. Commissioner, 368 F.2d 1007 (1966), reversing 45 T.C. 217 (1965), held that even though a taxpayer would have driven to and from work had he not been required to carry tools with him, if he is required by his *177 work to carry tools, an allocation should be made between the cost of transporting himself and the cost of transporting his tools. Therefore, under our holding in Jack E. Golsen, 54 T.C. 742 (1970), affirmed 445 F.2d 985 (C.A. 10, 1971), certiorari denied 404 U.S. 940 (1971), we are required in this case to make an allocation between the portion of petitioner's automobile expense applicable to transporting himself to and from work and the portion applicable to transporting his tools. Respondent and petitioner recognize that the total minimum amount of driving which petitioner was required to do in going to and from his home and his work at Stony Brook during the year 1967 was 17,496 miles. Respondent concedes that the cost of driving this mileage is $1,674.72, although he does not concede that any portion of this amount is deductible by petitioner. In its opinion in the Sullivan case, the Second Circuit suggested certain criteria to be used in making the allocation between the deductible and non-deductible portions of automobile expense in cases such as this one. None of these suggestions is usable under the facts 7 present in the *178 instant case. There were no adequate storage facilities available to petitioner and therefore we have no way of determining what storage costs for petitioner's tools would have been. While bus fare would have cost petitioner $3.30 a round trip without considering the cost, if any, of petitioner's getting from his home to the bus stop in Massapequa, this cost is of little assistance in determining an allocation between costs of petitioner's transporting himself and costs of petitioner's transporting his tools where, as here, the timing of the bus service would have made it an unsatisfactory alternate means of transportation for petitioner. See Arnold T. Anderson, 55 T.C. 756 (1971), in which we did consider the costs of bus fare in arriving at an allocation between commuting costs and the cost of transporting property needed by the taxpayer to carry on his trade or business. In attempting to allocate between the costs of petitioner's transportation for himself and the cost of his transportation for his tools, we note that petitioner did some driving between job sites during the year 1967 carrying tools with him from one place to another. This cost would be deductible *179 were the evidence sufficient to show the amount thereof. Although the evidence does not show the amount of this cost, the evidence is sufficient to show that the amount would be relatively small. Considering all the evidence of record, we have concluded that an allocation of one-half of petitioner's automobile expense to transportation for himself and one-half to transportation of his 8 tools is fair and reasonable. We therefore conclude that petitioner is entitled under the holding of the Second Circuit in the Sullivan case to a deduction of $887.36 as an ordinary and necessary business expense and that respondent properly disallowed the amount claimed by petitioner in excess of this amount. Decision will be entered under Rule 50.