BERNARD W. MUGLESTON AND LOUISE L. MUGLESTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mugleston v. Commissioner
Docket No. 5588-72.
United States Tax Court
T.C. Memo 1973-260; 1973 Tax Ct. Memo LEXIS 25; 32 T.C.M. (CCH) 1233; T.C.M. (RIA) 73260; November 27, 1973, Filed Bernard W. Mugleston, pro se. Thomas M. Ingoldsby, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: The respondent has determined a deficiency in petitioners' income tax for the calendar year 1970 in the amount of $508.04. The sole issue presented for our decision is whether expenses incurred by petitioner Bernard W. Mugleston in the operation of an automobile between his residence and place of employment are deductible under section 162(a) of the 2 Internal Revenue Code of 1954. [1]
*26 FINDINGS OF FACT Some of the facts have been stipulated; the stipulation of facts, together with exhibits attached thereto, is incorporated herein by this reference. Petitioners, Bernard W. Mugleston and Louise L. Mugleston, are husband and wife who maintained their residence in Denver, Colorado, at the time the petition in this case was filed. They filed a joint Federal income tax return for the calendar year 1970. Any reference to "petitioner" hereinafter shall be deemed to mean Bernard W. Mugleston. Petitioner has been employed as a pilot for United Air Lines (United) since 1951. Throughout 1970 petitioner was stationed by United in Denver and each flight he made during this period originated and terminated at Stapleton International Airport (Stapleton) in Denver. Petitioner traveled from his home to Stapleton by private automobile, a round trip distance of 32 miles. For the year in issue petitioner made 74 such round trips, traveling a total of 2,368 miles. On each trip between his home and Stapleton petitioner carried two pieces of luggage - a clothing bag containing personal items and a flight bag, weighing approximately 20 pounds, which contained various navigational *27 materials. 3 Although it is not clear from the record, it appears that United required petitioner to carry the latter on each of his flights. Regardless of whether or not carrying such baggage was required in his employment, petitioner would still have driven his automobile to work since adequate public transportation was not available between his home and the airport. Therefore, petitioner incurred no expenses beyond the expenses of commuting by reason of transporting his personal valise and flight bag. On their income tax return for 1970 petitioners claimed a deduction of $284.16, representing the cost of travel between their home and Stapleton. In his statutory notice of deficiency dated May 10, 1972, respondent disallowed the claimed deduction. OPINION Section 162(a) permits a deduction for the travel costs incurred during a taxable year in pursuit of a trade or business. Section 262 provides that "personal, living, or family expenses" do not qualify as deductible expenses. The question for our determination is whether the expenses incurred by petitioner in the operation of his automobile qualify as ordinary and necessary business expenses or are the nondeductible *28 personal costs of commuting between his residence and place of employment. Commissioner v. Flowers, 326 U.S. 465 (1946). 4 This case was initiated prior to the rendition of the Supreme Court's decision in Fausner v. Commissioner, U.S. (1973). The Supreme Court has laid the issue presented here to rest. The Court held, with facts the same as before us, that an airline pilot was not entitled to deduct his automobile expenses merely because he carried "incidentals of his occupation with him." It was concluded that the taxpayer would have commuted by private automobile regardless of whether he had to transport his flight bag and clothing bag. Therefore, no additional expenses were incurred in commuting to and from work which, under certain circumstances, might qualify as deductible expenses. See also Robert A. Hitt, 55 T.C. 628 (1971). Petitioner has not introduced any evidence which would establish that the Fausner rationale is not applicable here. The public transportation system was inadequate for petitioner's needs. Therefore, even if the flight bag was not required luggage, petitioner would still have driven his own automobile in commuting *29 to and from work. It is clear that no expenses in addition to his normal commuting costs were incurred as a result of carrying such baggage. In accordance with Fausner we hold that petitioners are not entitled to deduct the automobile expenses in controversy. 5 To reflect a concession by respondent on another issue not before this Court, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954. ↩