HOWARD A. POOL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Pool v. Commissioner
Docket No. 1234-75
United States Tax Court
T.C. Memo 1977-20; 1977 Tax Ct. Memo LEXIS 418; 36 T.C.M. (CCH) 93; T.C.M. (RIA) 770020; January 31, 1977, Filed Howard A. Pool, pro se. Dale L. Newland, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons pursuant to the provisions of section 7456(c) of the Internal Revenue Code *419 and Rules 180 and 182 of the Tax Court Rules of Practice and Procedure. The parties have filed no exceptions of law or fact to Special Trial Judge Aarons' report. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Although this case was originally scheduled for trial as a small tax case under section 7463 of the Code, [1] shortly before the trial date petitioner advised the Court that he did not wish to forego the right to appeal. The Court accordingly ordered that the letter "S" be stricken from the docket number and that the case be tried as a regular Tax Court case. The deficiency in federal income tax which was determined by respondent was for the year 1972 in the amount of $362.28. The only issue before the Court is the propriety of respondent's disallowance of $1,525 of the travel expense claimed on petitioner's return and asserted by respondent to be unsubstantiated, and in any event determined by respondent to be nondeductible commuting expense under Code section 262. *420 FINDINGS OF FACT Petitioner filed his separate 1972 federal tax return with the Western Service Center, Ogden, Utah. At the time the petition in this case was filed, petitioner's legal residence was 4506 Toledo Avenue North, Minneapolis, Minnesota. During 1972, petitioner was a construction foreman for Jesco, Inc. Petitioner had two trades. He was a blocklayer and a cement finisher and possessed union cards for both trades. Because of marital problems, petitioner lived in a motel in Coon Rapids, Minnesota until July 31, 1972. Petitioner commuted from the Coon Rapids motel to various job-sites in the St. Paul-Minneapolis area, using for this purpose his 1/2 ton Chevrolet pickup truck. Petitioner also owned a Dodge Monaco station wagon but he did not use that vehicle on any of the disputed travel. Petitioner was required to carry with him, on most of his trips (including his trips from the motel to and from job-sites), the tools and equipment of both of his trades. No other facilities were available for the safe storage of such equipment. In addition, his employer held him responsible for the custody of loose construction items, such as nuts and bolts (which otherwise *421 could easily have been stolen). The total weight of items thus transported by petitioner frequently exceeded one ton. Such weight would have been very harmful to an ordinary, and more cheaply operated passenger vehicle, including petitioner's Dodge station wagon. Petitioner would have used the station wagon but for the necessity of transporting the tools and equipment. Petitioner was kept busy continuously by Jesco, Inc., during 1972 at various job-sites. On July 31, 1972 he was assigned temporarily to a job in Bemidji, Minnesota (out of the twin-city area). That job was completed on October 26, 1972. During the period from October 1 to October 15, 1972, petitioner travelled from Bemidji to Savage, Minnesota to oversee a concrete-pouring job there. Respondent has conceded that petitioner incurred 4,520 miles of deductible travel between Bemidji and Coon Rapids and 960 miles between Bemidji and Savage. Such travel was allowed, at the 12 cents standard mileage rate in the statutory notice of deficiency. Since the mailing of the notice of deficiency, respondent has conceded the deductibility of an additional 110 miles at 12 cents per mile. There remain at issue here two categories *422 of travel expense: (1) petitioner claims 3,000 miles "between-jobs" driving and (2) petitioner claims that 50 percent of his "commuting mileage", which totaled 15,461 miles, should be allowed as a deductible expense in view of his carrying his tools and equipment and the various other items mentioned above. With respect to the "between-jobs" driving, it appears that from twenty to thirty times in 1972, after driving from his motel to a job-site, petitioner had to travel to other job-sites which frequently were forty miles away; and it also appears that twelve to fifteen times in 1972, petitioner had to use his truck to pick up rental equipment. Round trips of thirty miles were not uncommon for the latter purpose. OPINION It is clear that the cost of commuting to a taxpayer's place of work, regardless of the distance travelled, is a nondeductible personal expense. William L. Heuer, Jr.,32 T.C. 947 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). But as stated by this Court in Eugene G. Feistman,63 T.C.0 129, 135 (1974): Where a commuter incurs additional expenses because he has to transport his "tools" to work such additional costs *423 may be deductible as a business expense under section 162. Fausner v. Commissioner,413 U.S.0 AT 839; Harold Gilberg,55 T.C.0 611; Robert A. Hitt,55 T.C. 628. It is not enough, however, that the taxpayer demonstrate that he carried tools to work. He must also prove that the same commuting expenses would not have been incurred had he not been required to carry the tools. In this case it has been proven that petitioner had to transport his tools and equipment and frequently had to transport heavy hardware items to and from his job-sites, that an ordinary passenger vehicle would have been inadequate for such purpose, that the cost of operating and maintaining the pickup truck exceeded the costs of operating his passenger vehicle, that he would have used the passenger vehicle but for the tool and equipment carrying requirements, and that as a result petitioner clearly incurred costs in addition to those he would have incurred but for the necessity of transporting such tools, equipment, and other items. In Rev. Rul. 75-380, 1975-2 C.B. 59, respondent takes the position that the fact that a taxpayer might have used a less expensive mode of *424 transportation but for the necessity of carrying work implements is immaterial in determining whether additional costs were incurred. Rev. Rul. 75-380 is made inapplicable to pre-1976 transportation expenses which qualified under the respondent's previous rulings. It is believed that a portion of the expenses of petitioner so qualified, and therefore no view is expressed as to the above position taken by respondent in Rev. Rul. 75-380. It was also proven that petitioner was required to travel considerable distances to other job-sites on fairly frequent occasions after arriving at his principal job-site from his motel at the beginning of the day, and likewise that petitioner was required on a number of occasions to travel from a job-site to pick up rental equipment. The record in this case makes it difficult to translate these conclusions into dollars. Petitioner kept no records; and his testimony though very candid and credible was vague as to distances, frequency of trips, and differential in costs of operating his pickup truck as compared to an ordinary passenger vehicle. Since, based upon the entire record herein, petitioner appears to be entitled *425 to some allowance for the additional cost engendered by his tool and equipment carrying and for "between-jobs" and rental equipment pick-up travel, it becomes necessary to make approximations under the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Under the Cohan case rule, such approximation must bear heavily upon the taxpayer "whose inexactitudes are of his own making." Applying the Cohan rule, it is concluded that petitioner should be allowed deductible travel expense in the amount of $240 in addition to all other mileage heretofore conceded by respondent (such additional allowance to cover "between-jobs" and rental equipment pick-up trips), and that petitioner should be allowed $300 as deductible expense attributable to the use of his 1972 pickup truck for tool and equipment carrying purposes. In all other respects, respondent's determination will be sustained. * * *
In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩