STEVE F. HIXSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hixson v. Commissioner
Docket No. 9339-77.
United States Tax Court
T.C. Memo 1979-296; 1979 Tax Ct. Memo LEXIS 229; 38 T.C.M. (CCH) 1155; T.C.M. (RIA) 79296; August 6, 1979, Filed *229 Held, (1) petitioner failed to substantiate meal expense deductions; (2) petitioner's automobile expense deductions determined; (3) depreciation deduction for travel trailer denied. Steve F. Hixson, pro se. James J. Posedel, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent has determined a deficiency of $1,664.50 in petitioner's 1974 Federal income tax. After concessions, [1] the remaining issues for decision are: (1) Whether petitioner has sufficiently substantiated deductions for meals expenses. (2) Whether petitioner is entitled to an automobile expense deduction under section 162(a). [2]
(3) Whether petitioner *231 is entitled to depreciate a travel trailer. FINDINGS OF FACT Steve F. Hixson (hereinafter petitioner) resided in Chemult, Oregon, when he filed his 1974 joint Federal income tax return with the Internal Revenue Service Center, Ogden, Utah, and when he filed his petition in this case. During 1974, petitioner resided in Prospect, Oregon. He was employed as a timber faller for the Boise Cascade Corporation, working in the vicinity of Beaver Marsh, Oregon. The main offices of Boise Cascade were located approximately six miles from Beaver Marsh. In order to obtain his timber cutting assignments, petitioner traveled from his Prospect residence to the Boise Cascade offices twice a week. The job assignments he received varied in duration from part of a day up to several days. After having obtained his specific assignments, petitioner packed his tools, consisting of power saws, wedges, gas, chain oil, and an ax, in a pickup truck and traveled to the designated work sites. Since there was no public transportation in the area, the only way petitioner could reach the sites was by truck or automobile. In 1972, petitioner purchased a 17-foot travel trailer for $1,895. During *232 the course of his timber falling employment in 1974, petitioner parked the trailer at centrally located spots, convenient to various job sites. Rather than always returning home to Prospect at the end of a day's work, petitioner usually slept overnight in the trailer. He often traveled from the trailer site to Chemult, Oregon, for dinners. Petitioner traveled back to his Prospect residence on the average of twice a week. During 1974, petitioner frequently traveled to Medford, Oregon, to purchase parts for his chain saws. These trips were made once a week. On his 1974 income tax return, petitioner claimed employee business expenses of $7,254, consisting of deductions for automobile expenses ($5,150), meals and butane gas ($1,785), and depreciation on the travel trailer ( $319). In the notice of deficiency, respondent disallowed the deductions in full on the ground that petitioner failed to demonstrate his entitlement to those deductions. OPINION We must determine the following issues: (1) Whether petitioner has satisfied the substantiation requirements under section 274(d) with respect to business expenses for meals claimed on his 1974 return. (2) Whether the petitioner *233 is entitled to an automobile expense deduction under section 162(a) in 1974 in excess of the amount conceded by respondent for on-the-job mileage expense. (3) Whether petitioner is entitled to a depreciation deduction under section 167 for his travel trailer. Issue 1: Meals Expense Deduction
Petitioner contends that he is entitled to a business expense deduction for the cost of meals purchased in Chemult, Oregon, to the extent they exceeded the cost of meals eaten at home. Section 162(a)(2) authorizes a deduction for traveling expenses, including amounts expended on meals while away from home in the pursuit of a trade or business. To qualify for a deduction under this section, three conditions must be met: (1) the expenses must be ordinary and necessary; (2) the expenses must be incurred while taxpayer is "away from home"; and (3) the expenses must be incurred in pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 467 (1946); Bochner v. Commissioner, 67 T.C. 824, 827 (1977). Even if a taxpayer meets these three conditions, however, he will not be entitled to a deduction for meals unless he also satisfies the strict *234 substantiation requirements of section 274(d) and the regulations thereunder. Those requirements are in addition to the usual substantiation requirements of section 162. Sanford v. Commissioner, 50 T.C. 823, 826 (1968), affd. per curiam 412 F. 2d 201 (2d Cir. 1969). The only issue is whether petitioner has met his burden of substantiating the claimed meal expenses pursuant to the rules set forth in section 274(d). Section 274(d) provides that no deduction shall be allowed for travel expenses under section 162 unless the taxpayer substantiates the amount, time, place and purpose of the expense with adequate records or sufficient evidence corroborating his own statement. In order to satisfy the adequate records requirement, the taxpayer must maintain an account book, diary, statement of expense or similar record prepared at or near the time of the expenditure. Sec. 1.274-5(c)(2), Income Tax Regs. These regulations have been upheld as valid, Sanford v. Commissioner, supra at 823. Petitioner kept no records with respect to the cost of the claimed meals in 1974. He also failed to produce any evidence to corroborate his own vague *235 testimony on this issue. We find, therefore, that petitioner has failed to comply with the strict substantiation requirements of section 274(d). As a result, the disallowance of petitioner's deduction for meals must be sustained. Issue 2: Automobile Expense Deduction
Respondent disallowed a portion of petitioner's automobile expense deduction for 1974 involving four items of mileage expense. Petitioner contends that each item is deductible as an ordinary and necessary expense in carrying on his business as a timber faller under section 162. Respondent maintains, however, that each claim should be denied in its entirety. We will consider each item separately. Petioner claims a deduction for roundtrip mileage between his Prospect, Oregon, residence and the Boise Cascade headquarters, located near Beaver Marsh. Respondent contends that such a claim should be disallowed as it represents a nondeductible commuting expense. We agree with respondent. It is a well settled principle in the tax law that the expenses incurred in commuting between one's residence and place of employment are nondeductible personal expenses under section 262. Commissioner v. Flowers, supra; *236 Sanders v. Commissioner, 439 F. 2d 296, 297 (9th Cir. 1971), affg. 52 T.C. 964 (1969). An exception to this general rule is when a taxpayer is required to transport job-related tools and incurs expenses above and beyond those he would otherwise incur in commuting. Hitt v. Commissioner, 55 T.C. 628, 633 (1971). A taxpayer will not qualify under this exception, however, if he would have used the same mode of transportation in any event. Feistman v. Commissioner, 63 T.C. 129, 135 (1974). Petitioner has not demonstrated that he would have used any other mode of transportation if he had not been required to transport the tools. Accordingly, he is not entitled to deduct his commuting expenses. Petitioner claims he is entitled to deduct the expenses incurred for traveling roundtrip from Prospect to Medford, Oregon. Respondent denies this deduction for failure of substantiation. Petitioner testified that he traveled to Medford, Oregon, on a weekly basis in order to botain parts for the chain saws used in his timber falling business. He maintained no mileage records, however, and did not introduce any documentary evidence *237 to corroborate this claim. Nonetheless, we found petitioner to be a credible and forthright witness and believe he incurred some transportation expenses in obtaining chain saw parts. Since he is entitled to some allowance for these expenses, we may approximate the amount under the rule of Cohan v. Commissioner, 39 F. 2d 540 (2d Cir. 1930), bearing heavily against petitioner "whose inexactitudes are of his own making." In applying the Cohan rule, we find that petitioner is entitled to a deduction of $300 for this mileage expense. Petitioner also claims a mileage expense deduction for two trips to Klamath Falls, Oregon, relating to tax return preparation and for numerous trips from Beaver Marsh to Chemult for dinners. Petitioner offered no evidence, oral or documentary, to support this deduction. Therefore, as to these two mileage expense items, we must sustain the respondent. Issue 3: Depreciation on Travel Trailer
Section 167(a) provides, in part, that "there shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear * * * (1) of property used in the trade or business." Petitioner contends that he is entitled *238 to a section 167 deduction on the theory that his trailer was used for lodging accommodations while he was engaged in the performance of his business as a timber faller. Respondent, on the other hand, argues that the trailer was used solely for petitioner's personal convenience and, therefore, not in petitioner's trade or business within section 167. We agree with respondent. A taxpayer's home for tax purposes is his principal place of employment. Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Montgomery v. Commissioner, 64 T.C. 175, 179 (1975), affd. 532 F. 2d 188 (6th Cir. 1976). Petitioner has not shown that his tax home was other than Beaver Marsh, Oregon, his principal place of business. Since the use of the travel trailer at petitioner's "home" was for purely personal reasons, any expenses incident to that use are nondeductible expenditures under section 262. Accordingly, petitioner is not entitled to a depreciation deduction for his travel trailer. To reflect the foregoing, Decision will be enteredunder Rule 155.
Footnotes
1. At trial, petitioner conceded his claim for a butane gas deduction and now claims a deduction for meals in the amount of $644. Petitioner also conceded $1,792 of the automobile expense claim, thereby reducing his claim to $3,358. Respondent, on brief, has conceded the allowance of on-the-job mileage expenses to petitioner.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩