DONALD W. FAUSNER and ANITA C. FAUSNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fausner v. Commissioner
Docket No. 10819-76.
United States Tax Court
T.C. Memo 1979-348; 1979 Tax Ct. Memo LEXIS 180; 38 T.C.M. (CCH) 1365; T.C.M. (RIA) 79348; August 30, 1979, Filed *180 P, an airline pilot, used his private automobile to drive between his residence in San Diego and his place of employment in Los Angeles, a distance of 126 miles. He was required by his employer to transport bulky, job-related materials. Held, P failed to prove that he would not have used his private automobile "but for" the necessity of transporting his job-related materials; therefore, the expenses of such trips represented nondeductible personal commuting expenses. William B. Treitler, for the petitioners. Timothy L. Nelson, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioners' Federal income taxes as follows: Year
Deficiency
1973 $ 557.77
1974
2,476.56
The petitioners have *181 conceded certain adjustments made by the Commissioner. The sole issue for decision is whether the petitioners are entitled to deduct the cost of Mr. Fausner's transportation between his residence and his place of employment because he was required to carry certain work-related materials. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Donald W. and Anita C. Fausner, husband and wife, maintained their legal residence in San Diego, Calif., at the time they filed their petition in this case. They filed their joint Federal income tax returns for the years 1973 and 1974 with the Internal Revenue Service, Fresno, Calif. Mr. Fausner will sometimes be referred to as the petitioner. The petitioner is a commercial airline pilot, a captain, who, at the time of trial, had been employed by American Airlines (American) for 28 years. He was 48 years old in 1973. During the period in issue, he was based at Los Angeles International Airport (LAX), Los Angeles, Calif., but during such period, he resided in San Diego, Calif.
American requires the petitioner to wear a pilot's uniform. The uniform may not be worn offduty, but it *182 may be worn while in transit to and from an airport. American also requires the petitioner to report to work with certain items of equipment, such as charts and manuals, a flashlight, handcuffs, flight computer, plotters, licenses, certificates, name plates, and other materials. These materials must be carried on all flights by the petitioner so as to be readily available for use. Such materials weigh approximately 25 pounds and are carried by the petitioner in a flight kit bag the dimensions of which are 18 inch X 24 inch X 6 inch. In addition, because he may not wear his uniform offduty, the petitioner carries an overnight bag containing personal clothing. The weight of the overnight bag varies, depending upon the petitioner's destination and the duration of his assignment. The overnight bag usually weighs approximately 30 pounds and its dimensions are 24 inch X 24 inch X 6 inch. American did not provide storage facilities for the petitioner's job-related materials, nor did it provide a locker room where he could change from his civilian clothes into his uniform. Thus, as a practical matter, the petitioner was required to travel between his residence and place of employment *183 in uniform and to carry with him his flight bag and overnight bag. During 1973 and 1974, the petitioner made 73 round trips between his residence in San Diego and LAX in connection with his assigned flights. On each of these trips, the petitioner drove his automobile. The distance between San Diego and LAX is 126 miles, and by automobile, the trip takes 2-1/2 hours. On each trip, the petitioner carried the flight bag and overnight bag in the automobile with him and incurred no additional expense as a result of transporting such bags. On some occasions, when not reporting for flight duty and not carrying baggage, the petitioner used public transportation to travel between his residence and LAX. When using public transportation, he took an express bus, which stopped three blocks from his residence, to downtown San Diego. In downtown San Diego, he walked one block to a bus which took him to the San Diego International Airport. From San Diego, he flew to LAX without charge or with only a nominal charge. The bus between the petitioner's residence and downtown San Diego ran every 30 minutes to an hour during the week days and hourly on the weekends, and it operated from around *184 5:00 a.m. to around 7:00 p.m. The trips took approximately 1 hour and 10 minutes and cost 25 cents, including a transfer. The bus between downtown San Diego and the San Diego Airport ran every 20 to 30 minutes and operated from around 5:00 a.m. to around midnight each day. The trip took 20 minutes. American pilots can "bid" for the flight assignments that they prefer, and because of his seniority, the petitioner can usually secure the flights he desires. He prefers to fly the Boeing 707 on night flights. He was required to be present at LAX 1 hour in advance of a scheduled flight. On 38 of the 73 trips which he made, the petitioner, if he had used public transportation, would have been required to spend between 2 and 12 additional hours in transit because of the unavailability of either airline or bus transportation. On their Federal income tax returns, the petitioners deducted $2,082.00 in 1973 and $2,737.50 in 1974 as the costs of Mr. Fausner's traveling between San Diego and LAX. In his notice of deficiency, the Commissioner disallowed such deductions in their entirety. OPINION The sole issue presented for decision is whether the petitioners are entitled to deduct *185 the cost of Mr. Fausner's travel between his residence in San Diego and his place of employment at LAX. Deeply ingrained in the tax law is the proposition that the cost of traveling between one's home and place of employment is a nondeductible personal expenditure. Steinhort v. Commissioner, 335 F. 2d 496, 503 (5th Cir. 1964); Foote v. Commissioner, 67 T.C. 1, 6 (1976); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs. In Sullivan v. Commissioner, 1 B.T.A. 93, 95 (1924), the rationale for such rule was set forth when the Court adopted the following language: "Obviously an individual is free to fix his residence wherever he chooses. He fixes it according to his personal convenience and inclinations, as a matter separate and apart from business. Any expense, therefore, incident to such residence as fixed by the individual is a matter personal to him. If he prefers, for personal reasons, to live in a different city from that in which his business or employment is located, any expense incident to so doing is the result of decision based upon personal convenience and preference, and it is not the result of anything undertaken for *186 business purposes and, therefore, is not a business expense." Yet, it is recognized that there may be an exception to such rule when an employee is required to carry tools or other work-related materials to and from his work. In Fausner v. Commissioner, 413 U.S. 838 (1973) (which involved the present taxpayer who then lived in New York), the Supreme Court held that an employee is allowed a deduction for any additional expenses incurred by him in carrying such work-related materials between his residence and his work. However, in that case, the petitioner was not allowed a deduction because it was agreed that he would have used his automobile to commute between his residence and his work, irrespective of whether he was required to carry the work-related materials. Since he would have driven in any event, the carrying of such materials did not cause him to incur any additional expenses. See also Hitt v. Commissioner, 55 T.C. 628 (1971), and Gilberg v. Commissioner, 55 T.C. 611 (1971), in which this Court also denied a deduction for commuting expenses because the employee would have commuted by automobile even though he was not *187 required to carry the work-related materials. In the case now before us, Mr. Fausner attempts to distinguish his earlier case by claiming that he would have used public transportation to commute between his residence in San Diego and his place of employment at LAX were it not for the necessity of traveling in his uniform and carrying a flight bag and overnight bag. The petitioner has the burden of proof (Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933)), and we are not required to accept as a fact his statement of what he would have done "but for" the necessity of carrying the work-related materials ( Anderson v. Commissioner, 55 T.C. 756, 758 (1971)). After evaluating such testimony, together with the other evidence in this case, we are not convinced that Mr. Fausner would have used public transportation were it not for the requirement that he carry the work-related materials. There are several reasons for doubting the petitioner's claim. On the majority of days, there was no convenient connecting flight, and if he had not driven, he would have had a delay of several hours either in the pilot's lounge *188 at LAX or elsewhere while in transit. The petitioner argues that because of his seniority, he could have secured other assignments whenever there were no convenient flights between San Diego and LAX, but in that event, he might have to sacrifice his desires as to the types and times of flights that he worked. We cannot speculate over whether he would have been willing to accept other assignments or whether he would have chosen to drive to work in order to retain his preferred assignments. See Kallander v. United States, 208 Ct. Cl. 557, 563, 526 F. 2d 1131, 1135 (1975). What is more, even when there were convenient connecting flights, the use of public transportation would have been more time consuming and inconvenient. The actual time of the two bus rides and the flight between San Diego and LAX is just slightly less than the time required to drive between San Diego and LAX, but he could not expect to walk directly on the bus from his residence to downtown San Diego, nor could he expect that the transfer bus would be waiting for him. In addition, he would have to plan to be at the San Diego Airport somewhat in advance of the scheduled flight to LAX. Thus, when *189 the time required for waiting for the buses and the flight is included, the trip by public transportation would clearly be longer. There is also to be considered the annoyances involved in transferring from one bus to another and then transferring from the bus to the airplane. Had the petitioner really wished to avoid driving the 126 miles between San Diego and LAX, he could have driven from his residence to the San Diego Airport, left his car there, and taken a plane to LAX. In that event, he could have avoided the buses and their transfers, the aggregate traveling time would have been less, and there would have been no problem of his wearing his uniform on the plane and transporting the flight and overnight bags with him on the plane. Nevertheless, he did not even elect to make that partial use of public transportation; he chose to drive the entire 126 miles. Finally, even if the petitioner drove between San Diego and LAX because of the necessity of wearing his uniform and carrying the flight and overnight bags, there is a serious question as to whether he would be entitled to deduct the costs of such trips. He offered no business reason for his decision to live in San Diego *190 although he worked out of LAX, 126 miles away. We must assume that his choice of residence was based on personal considerations. Even if he were required to drive in order to carry his work-related materials, he surely could have found some place to live in the vicinity of LAX. Thus, the length of the trip and the consequent costs result from his personal choice to live in San Diego. However, we do not actually decide such issue since it was not raised by the Commissioner. Yet, for the reasons given previously, we hold that the petitioners are not entitled to deduct the costs of Mr. Fausner's trips between San Diego and LAX. Decision will be entered for the respondent.