John J. Tyne, Jr. v. Commissioner.
Tyne v. Commissioner
Docket Nos. 233-62, 2788-62.
United States Tax Court
T.C. Memo 1970-303; 1970 Tax Ct. Memo LEXIS 58; 29 T.C.M. (CCH) 1398; T.C.M. (RIA) 70303; October 29, 1970. Filed Thomas J. Carley, for the petitioner. Lloyd S. Kamps, for the respondent. WITHEY
Supplemental Memorandum Findings of Fact and Opinion WITHEY, Judge: On September 29, 1966, this Court issued its Memorandum Findings of Fact and Opinion in the above-entitled cause and entered its decision in accordance therewith on January 18, 1967. On November 7, 1967, the Court of Appeals for the Seventh Circuit rendered its opinion in Tyne v. Commissioner, 385 F. 2d 40, reversing and remanding the case for determination by the Commissioner of an allocation of the proportion of petitioner's automobile expenses in traveling to and from his place of employment which is attributable to the transportation of his working tools. Such an allocation was *59 made by the Commissioner who has now allocated 50 percent of such expense to transportation of the tools. In accordance therewith, 1399 the Court entered its decision in making a like allocation on March 28, 1968. Appeal was taken by petitioner from the latter decision upon which the Court of Appeals for the Seventh Circuit issued its opinion and mandate, Tyne v. Commissioner, 409 F. 2d 485, on April 2, 1969, remanding the case to this Court for further hearing upon the issues: (1) whether respondent has been unreasonable in his present 50 percent allocation, and (2) whether petitioner would have or would not have used his motor vehicles to travel to and from his places of employment during the years at issue had it not been necessary for him to transport his tools. On May 4, 1970, rehearing on such issues was held at Chicago, Illinois. Findings of Fact During the years at issue, petitioner's employment as an apprentice engineer was largely in the construction of toll roads in the vicinity of the suburbs of Chicago. During at least a major portion of such employment, public transportation was not available to petitioner's various job sites. The job sites usually *60 extended over several miles which petitioner was from time to time required to cover along with his 200 pounds of tools during working hours. Upon occasion, he would be required to travel with his tools to different job sites during a working day. Petitioner's employer did not furnish a means of transportation for either petitioner or his tools at any time. Respondent has, in accordance with the order of this Court, filed herein a "statement * * * explaining respondent's allocation of petitioner's claimed transportation costs." The statement is as follows: Pursuant to the request of the Tax Court at the hearing on May 4, 1970, respondent submits the following statement in explanation of his allocation of petitioner's claimed deduction of transportation costs as a business expense. It is noted, at the outset, that it was not the Commissioner's contention that there should be an allocation in this case. Respondent argued in the Tax Court that the correct approach to be taken in this case is that set forth in Rev. Rul. 63-100, C.B. 1963-1, 34. In that ruling it is stated that expenses like those involved in this case are deductible only where occasioned primarily by *61 the necessity for transporting heavy or bulky tools. The Tax Court rejected the primary purpose test of Rev. Rul. 63-100. In accordance with its opinion in Lawrence D. Sullivan, 45 T.C. 217 (1965), the Tax Court held that the business element of transporting tools to and from work is so interwoven with ordinary personal commuting that the two cannot be separated, so that all of the costs should be treated as nondeductible commuting costs. However, the Seventh Circuit reversed the Tax Court and remanded this case with instructions to the Commissioner "to determine the allocation of the proportion of driving expenses which is a reasonable cost of doing business under Section 162." (Emphasis added.) Thus, in spite of respondent's position that any allocation is practically impossible, and to an extent, arbitrary; nevertheless, the Seventh Circuit's opinion required us to make some allocation. In attempting to comply with the mandate of the Seventh Circuit, the Commissioner considered the following allocation approaches: I. A Deduction Based on the Proportionate Weight of the Tools to the Total Weight of the Tools and the Man. This approach appears *62 very arbitrary since it is based solely on one factor, weight. It ignores other factors, such as age, stature or physical infirmities. Furthermore, it is also subject to criticism since both the weight of the man and the weight of the tools are subject to fluctuation during the year. II. A Deduction Based on the Increased Cost Attributable to Carrying the Tools. This approach involves a difficult problem of the burden of proof. How does one determine what is the additional expense which results from carrying 200 extra pounds of tools in one's automobile? Should some mathematical formula be established to determine any additional cost of gas? Would it be necessary to present expert opinion evidence as to how the cost should be computed? III. Circuit Judge Fairchild in his concurring and dissenting opinion in Tyne v. Commissioner, 385 F. 2d 40, 43 * * * suggested the following approach: "A taxpayer who is reasonably required because of the need for transporting tools or other equipment to and from his work to use means of transportation which are more expensive than other available and reasonably adequate means of personal transportation, may deduct the difference *63 between the expense incurred for transportation by the means actually used and the expense he would have incurred if he had used the less expensive means of transportation." This approach may work fairly where there is an adequate alternative means of 1400 transportation. However, in Tyne as in many other cases involving construction workers, there was no other alternative means of transportation available. How does one allocate under this approach? Suppose bus transportation costs 35 cents and it costs $1.00 to drive one's car, it would appear the taxpayer would be allowed a 65 cent deduction. However, suppose there is no public transportation available and the cost of a taxi exceeds the cost of driving his own car. Does that make his expense deductible? Should we allow all costs? Allow nothing? Again, any result seems arbitrary. IV. A deduction based upon the expense of having the tools carried by a delivery service, if such expense did not exceed the actual cost of transportation. Since this approach involves the additional expense of an estimate from a local delivery service in every case, this is not a feasible alternative. The costs would be prohibitive. This approach *64 is so impractical as not to warrant any consideration. V. A deduction based upon the recognition that carrying tools has a dual purpose - business and commuting - a 50-50 allocation. This approach is no less arbitrary than any of the others suggested above. However, inasmuch as the Court of Appeals for the Seventh Circuit found that there was a dual purpose - business-personal, respondent was faced with the problem of determining what portion of petitioner's driving expenses were a reasonable cost of doing business under section 162. The Seventh Circuit did not attempt to get into the subjective considerations required to weight the two purposes. The Commissioner also feels that any attempt along this line is beyond his capacity. Therefore, respondent decided solely for the purposes of this case to allocate 50 percent of the cost of driving to and from work as a business expense. Respondent does not deny that this 50-50 allocation (or for that matter any allocation) is in some part arbitrary. Surely it would be the rare case in which the purpose of the taxpayer in using his personal automobile for his own transportation and for transporting tools is perfectly balanced between *65 business and personal reasons. Thus, there is no basis for a belief that there can ever be an allocation under the dual purpose concept which would be necessarily precise or unquestionably reasonable. In retrospect, the approach taken by the Tax Court in its initial opinions in Sullivan and Tyne seems eminently reasonable and may be the best solution to this vexing problem. (In other areas of the tax law where there has been an expense which had both business and personal attributes, the courts have held that no deduction shall be allowed. United States v. Homer O. Correll, et-ux., 389 U.S. 299 (1967) and Condit v. Commissioner, 329 F. 2d 153 * * * (6th Cir. 1964). Rev. Rul. 63-100 is now being reconsidered by the Revenue Service and careful consideration will be given to the approach proposed by this Court in the opinions mentioned. [Ultimate Findings of Fact] Petitioner, during the years at issue, would have used either his automobile or his truck to travel between his home and his various places of employment even though there had been no necessity for him to transport his tools. Respondent's allocation of the portion of petitioner's *66 transportation expense attributable to the transportation of his toods is reasonable based on the facts of record available to him. Opinion Because it was necessary for petitioner to have with him while at work some 200 pounds of tools, and because he was required along with his tools to be at various locations on a miles-long job site from time to time, and occasionally was required to work at different job sites during a working day, and because his employer did not provide him a means of transportation, we think it is clear that he was of necessity forced to provide his own transportation while at work. No public transportation being generally available between petitioner's home and the various job sites where he was employed, he was also forced to provide his own transportation between those points. Based upon petitioner's own testimony at the rehearing hereof, we have found as an ultimate fact that even had there been no necessity for him to transport his tools between his home and his various work places during the years at issue, he would have commuted in his own car or truck to and from those places. As we understand petitioner's argument on brief, he contends that even *67 though we determine the "but for" issue in favor of the respondent, he is still entitled to deduct 100 percent of his automobile and truck expense because respondent admits in his statement set forth in our findings that his allocation of expense to the cost of transporting petitioner's tools is arbitrary. We 1401 find his argument faulty on two grounds. He has the burden of proof to establish at least a different allocation and we do not find respondent's allocation to be arbitrary in the sense that it has no basis in fact. All exercise of administrative judgment where a showing of basic fact is either scanty or nonexistent is necessarily arbitrary to some degree. Respondent's statement shows that he has considered various methods of allocation and he has arrived in our view at that allocation which is arbitrary to the lowest degree. On the other hand, petitioner on rehearing has, with the exception of the weight of his tools, utterly failed to establish any fact upon which either we or the respondent can find a different allocation or determine a more accurate method of allocation. In pursuance of the mandate of the Court of Appeals for the Seventh Circuit and on the record *68 of the rehearing, we hold that 50 percent of the traveling expenses petitioner seeks to deduct under section 162(a), I.R.C. 1954, are allowable deductions and 50 percent thereof nondeductible commuting expense. Decisions will be entered under Rule 50.