**Donald W. FAUSNER and Anita C. Fausner, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVE-NUE, Respondent-Appellee.**

No. 72-1739.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1973.

Robert E. Davis, Dallas, Tex., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Raymond W. Sifly, Meyer Rothwacks, Attys., Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Internal Revenue Service, Robert S. Watkins, Atty., Tax Div., Washington, D. C., for respondent-appellee.

Before GODBOLD, DYER and CLARK, Circuit Judges.

PER CURIAM:

Donald W. Fausner, a commercial airline pilot employed by American Airlines, regularly traveled by private automobile from his home to his place of employment and back again, a round trip distance of approximately eighty-four miles. When Fausner traveled to or from a flight assignment he carried a forty pound flight-kit bag (containing flight manuals, maps, charts, etc.) and a twenty pound overnight bag (containing personal items and clothing). The record shows that it was a practical necessity that the bags be transported to and from each job assignment. The record further indicates that Fausner would have driven to work even if it had not been necessary to carry the bags, since no convenient public transportation was available.

Fausner sought to deduct the entire cost of commuting the forty-two miles between his home and his place of employment. To avoid the well-established rule that commuting expenses are nondeductible personal expenses, Fausner argued in the Tax Court that his automobile expenses were incurred to transport his flight bag and overnight bag and thus constituted ordinary and necessary business expenses. The Tax Court disallowed the deduction *in toto*.[1] We affirm.

The precise point at issue in this case has been addressed by two other circuits, Sullivan v. Comm'r, 368 F.2d 1007 (2d Cir. 1966), and Tyne v. Comm'r, 385 F.2d 40 (7th Cir. 1967), after remand, 409 F.2d 485, cert. denied, 396 U.S. 833, 90 S.Ct. 88, 24 L.Ed.2d 83 (1969), on remand, 29 T.C.M. 1398 (1970). Both of those circuits concluded that some allocable portion of the expenses incurred should be allowed as a deduction as an ordinary and necessary business expense. With all deference to those circuits, we decine to follow the rule announced in their decisions. This is not a situation where a proper allocation can be made by any analytical determination of actual cost of the deductible component. For example, the cost of maintaining an office in a home is subject to an approximation on the basis of the floor space utilized, and an attorney's fee can be allocated to deductible and nondeductible segments on the basis of the actual time

---

1. Donald W. Fausner, 30 T.C.M. 1187 (1971). Fausner has prevailed in the Tax Court on this same issue as to other taxable years, Donald W. Fausner, 55 T.C. 620 (1971). The apparently contradictory decisions in the Tax Court are explained by the Court's policy of following the announced decisions of the Circuit Court of Appeals to which the case would be appealable. 30 T.C.M. at 1190. Fausner changed his residence from a state within jurisdiction of the Second Circuit (which had decided the *Sullivan* case, *infra*) to a state within the jurisdiction of the Fifth Circuit. See 30 T.C.M. at 1190.

involved for the various legal services. However, no rational basis has been suggested for allocation between the nondeductible commuting component and the deductible business component of the total expense here. Any attempt at such allocation in this situation would be no more than a random speculation.

The short answer is that since he introduced no evidence that he incurred *any* expense in excess of nondeductible commuting expense in transporting his two bags, Fausner failed to carry the burden of establishing his right to the deduction claimed. By the same token, because the taxpayer has failed to establish a factual basis for any allocation we cannot conclude that the Commissioner's determination is arbitrary. *Cf. Tyne, supra,* 29 T.C.M. at 1400–01.

We are not persuaded by the argument that our characterization of the expenses incurred by Fausner as commuting expenses is itself no more than a guess. The best expression of this line of reasoning is contained in Judge Sterrett's concurring opinion in Robert A. Hitt, 55 T.C. 628 (1971):

> . . . It would be just as logical to hold to the contrary; namely, that the commuting expense loses its nondeductible character by reason of its association with the deductible expense incurred by one carrying the tools of his trade to work. Under this reasoning one end results in an out-of-pocket expenditure and the other end in none. But which end is up? A futile quest. An all or nothing approach ignores the realities of the situation and defies logic. . . .

On the facts of this case we have no difficulty concluding "which end is up." One primary aim of the income tax statute is to ensure that taxpayers similarly situated bear similar burdens. Since the record shows that Fausner would have driven his car to and from his place of employment anyway, we cannot find that he is entitled to what would amount to special relief which would distinguish him from other taxpayers because of the mere fortuity that he placed the bags he was required to carry in the trunk of his commuting vehicle. Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. This common burden cannot be negated for a particular taxpayer by the happenstance that he must carry incidentals of his occupation with him.[2]

The decision of the Tax Court is

Affirmed.

---

2. Nothing in this opinion is intended to prevent the deduction of expense in excess of ordinary commuting expenses which can be shown to have been incurred in transporting job-required tools and materials to or from the work site. See Rev.Rul. 63–100, 1963–1 C.B. 34.