LAWRENCE L. CRIST and JO A. CRIST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Crist v. Commissioner
Docket No. 3007-73
United States Tax Court
T.C. Memo 1974-67; 1974 Tax Ct. Memo LEXIS 249; 33 T.C.M. (CCH) 326; T.C.M. (RIA) 74067; March 25, 1974 Filed. Lawrence L. Crist, pro se. Ray Collins, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1970 in the amount of $456.25. The only issue for decision is whether petitioner Lawrence L. Crist is entitled to deduct all or any part of the cost of driving his pickup truck between his home and place of employment. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Athens, Texas at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1970 with the Director of Internal Revenue Service Center, Austin, Texas. Lawrence L. Crist, hereinafter referred to *250 as petitioner, is a boilermaker. From October 21, 1969, through January 12, 1973, with the exception of a 1-month period in June-July 1972 and another 1-month period in October-November 1972, petitioner worked as a boilermaker for Brown and Root, Inc., at a jobsite located near Fairfield, Texas. Prior to becoming employed by Brown and Root, Inc., petitioner was living in Athens, Texas. He continued to live in Athens, Texas during the entire time he was employed near Fairfield, Texas and continued thereafter to live in Athens, Texas. In addition to having his home in Athens, Texas, petitioner had a pasture on the outskirts of Athens where he raised cattle. The distance between petitioner's home in Athens, Texas and the jobsite of Brown and Root, Inc., near Fairfield, Texas at which petitioner was employed in 1970 is 43 miles. During the entire year 1970 petitioner drove to and from his home to a parking lot near the jobsite in Fairfield, Texas in a pickup truck which he owned. Petitioner was required as a boilermaker for Brown and Root, Inc., to supply his own handtools. Larger tools required at the jobsite were supplied by his employer. Petitioner was required to have with *251 him at the jobsite one 15-inch, one 12-inch, one 10-inch, one 8-inch, and one 6-inch Crescent wrench, one ball peen hammer, one 4-pound shop hammer, one 8-pound sledge hammer, one 24-inch precision level, a Torpedo level, a framing square, a pair of cutting goggles, three spud wrenches (1-1/8-inches, 1-1/4-inches, and 1-5/8-inches), channel locks, one 9-inch side cutter, and a rigging belt. Most of the boilermakers at the Brown and Root, Inc., jobsite carried these tools in an 8- by 8- by 24-inch box which filled with the tools would weigh around 100 pounds. Petitioner had an 18-inch by 6-foot toolbox mounted on the back of his pickup truck in which he placed his tools to transport them to and from his jobsite. He had an 8-inch by 18-inch box in which he would place the tools he planned to use on a particular day to carry by hand from where he parked his pickup truck to where he worked, a distance of between 150 and 200 yards. If during the day he needed a tool which he had not put in the 8-inch by 18-inch box, he was permitted to return to his truck to get it from the larger box mounted on the truck. There were storage facilities for tools in a boilermaker shack in plywood boxes *252 4 by 8 feet in size. Employees were permitted to leave their tools overnight in this facility which was in an enclosed area for which security was provided. However, at times tools which had been left in this storage area were stolen. There was no public transportation by bus or otherwise from Athens, Texas to Fairfield, Texas. There were between 35 and 40 men who lived in Athens, Texas who worked at the Brown and Root, Inc., jobsite near Fairfield, Texas. Some of these men drove from Athens to Fairfield in carpools, and some others besides petitioner did not drive with other persons. Petitioner never approached any of the other employees of Brown and Root, Inc. at the Fairfield jobsite who lived in Athens about riding with him in a carpool. Some of these employees asked petitioner about riding from Athens to Fairfield with him and he refused to take them since he did not come directly back to his home in Athens after work but stopped by his pasture on the outskirts of Athens to check on his cattle. Petitioner on his Federal income tax return for the year 1970 deducted $2,275.20 as automobile expense. Respondent in his notice of deficiency disallowed this claimed deduction *253 with the explanation that petitioner had not established that this amount represented an ordinary or necessary business expense or was expended for the purpose designated. ULITMATE FINDING OF FACT Petitioner would have driven to work in his own pickup truck even if he had not carried tools with him. OPINION It is petitioner's contention that he was required by his employer, Brown and Root, Inc., to furnish his own handtools and since he did not consider the area provided by his employer for storing these tools to be safe, he was as a practical matter, required to carry these tools back and forth and therefore he should be entitled to deduct the cost of driving his pickup truck from his home in Athens, Texas to the jobsite near Fairfield, Texas. Petitioner argues that if he had not been required to carry tools he would have formed a carpool with other persons to go from Athens to Fairfield and return each day. The record does not support petitioner's contention that he would not have driven his own pickup truck from Athens to Fairfield and return each day if he had not been carrying tools. In fact, the record shows that storage facilities were provided at Fairfield for *254 the use of boilermakers. Petitioner could have left his tools in these storage facilities. However, if we accept petitioner's contention that the security at these facilities was not satisfactory, he has still failed to show that he would not have driven his pickup truck from Athens to Fairfield and return even if he had not been carrying tools. In fact, the record shows just the opposite. Petitioner could have carried all of the tools he was required to furnish by Brown and Root, Inc., at the jobsite in an 8- by 8- by 24-inch box which could have been placed along with several other similar boxes in the trunk of most automobiles. The record indicates that petitioner for personal reasons continued to live in Athens, Texas after he became employed near Fairfield, Texas even though there was no public transporation available from Athens to Fairfield. The reason petitioner did not ride in a carpool with other employees of Brown and Root, Inc., who lived in Athens was clearly his own preference for driving his own pickup truck so that he could stop by his pasture on the outskirts of Athens on his way home each afternoon. In fact, petitioner os testified himself. [1] This record is *255 clear that petitioner lived in Athens for his own convenience while he was working near Fairfield, that he drove his own pickup truck to and from work for his own convenience and that he would have driven his truck to and from his work whether or not he was carrying tools. These facts cause this case to fall squarely within the Supreme Court's decision in Fausner v. Commissioner, 414 U.S. 882 (1973), which affirmed a decision of the United States Court of Appeals for the Fifth Circuit (472 F.2d 561), which affirmed a Memorandum Opinion of this Court. The Fausner case, just as the instant case, involved a taxpayer who was required to carry working materials with him, who carried these materials in his own car, which he would have drivent to and from work had he not been required to carry the working materials. As the *256 Supreme Court stated: Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense. We cannot read section 262 of the Internal Revenue Code [Footnote omitted] as excluding such expense from "personal" expenses because by happenstance the taxpayer must carry incidentals of his occupation with him. * * * We therefore sustain respondent's disallowance of petitioner's claimed deduction for automobile expense. Decision will be entered for respondent. Footnotes
1. In response to a question by the Court, petitioner testified as follows: THE COURT: So, even if you hadn't had the tools, or if somebody wanted to ride with you that hadn't had tools, you still would have driven your own truck down and come back in your own truck, so you could check the pasture? THE WITNESS: Yes, your Honor. ↩