DONALD WAYNE MYERS and SANDRA KAY MYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 732-80.
United States Tax Court
T.C. Memo 1981-735; 1981 Tax Ct. Memo LEXIS 15; 43 T.C.M. (CCH) 220; T.C.M. (RIA) 81735; December 28, 1981. *15 Held, petitioner, a truck driver, is not entitled to deduct amounts in excess of those allowed by respondent for meals purchased away from home. Held, further, deduction denied for estimated cost of transporting mattress, tool chest, and other items from home to truck terminal and back. Donald W. Myers and Sandra K. Myers, pro se. John L. Simpson, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies of $ 603 and $ 419 in petitioners' Federal income tax for the taxable years 1976 and 1977. [1] *16 At trial, petitioners agreed to the adjustments in the notice of deficiency relative to uniform expenses and charitable contributions. The issues for decision are: (1) Whether petitioner has met the substantiation requirements of section 274 [2] and is therefore entitled to a deduction for the cost of meals incurred while away from home in the pursuit of his trade or business in excess of the amount allowed by respondent, and (2) whether petitioner is entitled to a deduction for the claimed additional expense of driving his van rather than his car to and from work, occasioned by the need to haul work-related items. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioners Donald W. Myers and Sandra K. Myers, husband and wife, resided in Oklahoma City, Okla., at the time of the filing of their petition herein. Petitioner Sandra K. Myers is a party herein solely by reason of her filing a joint return for the taxable year 1977 with Donald W. Myers (hereinafter petitioner). During 1976 and 1977, petitioner was employed as a truck driver by Leeway Motor Freight (hereinafter Leeway) and had been employed in such position for 15 years. Leeway was engaged in the business of delivering freight and commodities throughout the United States. Leeway, in making its deliveries, *17 operated a "sleeper operation," which is an arrangement whereby two persons alternate between driving the truck and sleeping and are thereby able to keep the truck running 24 hours a day except for occasional stops for meals and refueling. Consequently, on the days petitioner worked, he and his codriver were on the road 24 hours a day. Leeway recommended that its drivers break or change drivers every 4 to 5 hours. On the average, petitioner and his codriver stopped four to five times per day at truck stops to eat and to switch drivers. Petitioner and his codriver paid for their own meals and were not reimbursed by Leeway for this expenses. From 1967 through 1975, petitioner calculated his meal expense deduction by multiplying the number of days he was on the road by a daily allowance figure allegedly obtained from the taxpayer assistance division of the Internal Revenue Service. [3] *18 Petitioner testified that he was informed that he could use the applicable figure without keeping substantiating records or receipts. For 1976 and 1977, petitioner decided to keep records of the actual amount expended for meals while away from home in the pursuit of his trade or business. For those years petitioner calculated that his expenses for meals averaged approximately $ 17 per day. Petitioner called the taxpayer assistance division of the Internal Revenue Service and was allegedly informed that he could deduct $ 15 per day for meals while away from home for such years without substantiating records or receipts. Petitioner decided to use $ 15 per day rather than $ 17 to avoid the possibility of being audited and having the deduction challenged. In December 1978 petitioner's home was burglarized and his records for both 1976 and 1977 were stolen. Petitioner claimed a total meal expense deduction of $ 2,325 and $ 2,475 for 1976 and 1977. [4] *19 In his statutory notice of deficiency respondent allowed petitioner a meal expense deductioin of $ 1,537.20 and $ 1,509.75 for 1976 and 1977. [5] Leeway owned and/or leased 500 to 600 trucks. Each time petitioner and his codriver arrived at work to begin a delivery they would be assigned a different truck. Each truck had a sleeper compartment, the bottom of which was lined with pressed sheet aluminum. Two thin mattresses were placed on top of the aluminum for sleeping. Finding his sleeping arrangement to be inadequate, petitioner decided to bring a third innerspring mattress from home to place on top of the other two. In addition, petitioner transported from home a cushion, a pillow, a tire-check tool, two radio antennas, a radio equipment box, containing his tools, a flashlight, a radio, and various other items. Leeway required none of these items as a condition of petitioner's employment; petitioner utilized them for his own convenience and comfort. *20 Petitioner found that it was impossible to carry all of these items, particularly the mattress, in his Chevrolet Monte Carlo and therefore purchased a van to haul these items to and from his place of employment. Petitioner calculated that the additional cost of driving a van to and from work as compared to a smaller car such as a Volkswagon was 6 cents per mile. Based on this figure he calculated a deduction of $ 223.44 for the cost of transporting the mattress and other equipment to and from work during 1976. [6] Respondent disallowed the deduction in its entirety. OPINION The first issue is whether petitioner has met the substantiation requirements of section 274(d) with respect to deductions claimed for 1976 and 1977 for the cost of meals incurred by petitioner while away from home in the pursuit of his trade or business. Petitioner asserts that since he detrimentally relied upon the information received from the taxpayer assistance division of the Internal Revenue Service *21 in calculating his meal expense deduction, it is not necessary that he now substantiate the deductions and respondent therefore cannot decrease the allowable deduction. Respondent contends that petitioner did not detrimentally rely upon the information given to him by the Internal Revenue Service and that even if he did, it is still necessary that petitioner substantiate the expenses under section 274(d) in order for them to be deductible. For the reasons set forth below, we agree with respondent. Section 162(a)(2) allows a deduction for traveling expenses, including amounts expended for meals while away from home in the pursuit of a trade or business. Section 274(d) provides that no deduction shall be allowed under section 162 for any traveling expense, including meals while away from home, unless the taxpayer substantiates by "adequate records" or by "sufficient evidence corroborating his own statement," the amount, time, place and purpose of the expense. In the event section 274(d) is not complied with, no deduction is allowable. Sanford v. Commissioner, 412 F.2d 201 (2d Cir. 1969), affg. 50 T.C. 823 (1968), cert. denied 396 U.S. 841 (1969); Ashby v. Commissioner, 50 T.C. 409 (1968). *22 In order to meet the adequate-records requirements of section 274(d) a taxpayer must maintain an account book, diary, statement of expense or similar record. Sec. 1.274-5(c)(2), Income Tax Regs. However, where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, the taxpayer has a right to substantiate the deduction by reasonable reconstruction of his expenditures. Sec. 1.274-5(c)(5), Income Tax Regs.
In the instant case petitioner's records for the taxable years 1976 and 1977, which were stolen when his home was burglarized, were clearly lost through circumstances beyond his own control. [7] Petitioner therefore had a right to substantiate the deduction by a reasonable reconstruction of his expenditures. However, petitioner made absolutely no effort to substantiate the deduction by a reasonable reconstruction of his expenditures, and therefore he has not met the adequate-records test of section 274(d). Gizzi v. Commissioner, 65 T.C. 342, 346 (1975). Petitioner is also allowed to satisfy section 274(d) by sufficient evidence corroborating his own statements. Sec. 1.274-5(c)(3). *23 However, petitioner likewise put forth no evidence corroborating his statements and has thus also failed to satisfy this test. [8] Petitioner, though, maintains that he detrimentally relied upon the advice given to him by the taxpayer assistance division of the Internal Revenue Service and that therefore it is not necessary that he substantiate the deduction. First, we note that petitioner did not detrimentally rely on the advice *24 given to him. Petitioner still maintained books and records to support the meal expense deductions for 1976 and 1977. The only reason petitioner does not now possess these records is because they were stolen, not because he decided it was unnecessary to keep such records. Furthermore, even if petitioner could show that he detrimentally relied upon the advice received from the taxpayer assistance division, he still would not be entitled to the deduction. See United States v. McMullen, an unreported case ( D.C. Ind. 1970, 26 AFTR 2d 58-5840, 70-2 USTC par. 9709.) The law is clear that erroneous legal advice rendered by an Internal Revenue Service agent is binding on neither respondent nor this Court. Dixon v. United States, 381 U.S. 68, 72-73 (1965); Druker v. Commissioner, 77 T.C.     (Oct. 15, 1981); Neri v. Commissioner, 54 T.C. 767, 771-772 (1970); Kirby v. Commissioner, 35 T.C. 306, 311 (1960). Accordingly, we must deny the meal expense deductions to the extent disallowed by respondent. [9] *25 The final issue is whether petitioner is entitled to the claimed additional expense of driving his van rather than his car to and from work occasioned by the need to haul work-related items. Petitioner asserts that the additional expense of operating a van as opposed to operating a small car in order to carry a mattress and other equipment to and from his work is deductible under section 162(a). Respondent contends that the mattress and most of the equipment were transported for petitioner's personal convenience and comfort and were therefore personal expenses nondeductible under section 262. Alternatively, respondent contends that in calculating the additional cost of transporting these items, it is necessary to compare the cost of operating the van while hauling the mattress and other items to the *26 cost of operating the van without such items. Respondent contends that since petitioner has not shown that any additional expenses were incurred in operating the van while hauling these items, he is not entitled to the deduction. Finally, respondent asserts that if petitioner is correct in calculating the deduction by comparing the cost of operating the van to the cost of operating his car, petitioner is still not entitled to the deduction since he has failed to prove that he in fact incurred expenses in excess of those he would have incurred in operating his car. We find that petitioner has failed to prove that the amount of any expenses he incurred in operating the van to haul the mattress and other items were in excess of those that he would have incurred in operating either his car or the van, without the mattress and other items. Accordingly, we find it unnecessary to decide the other arguments made by the parties. [10] *27 The cost of commuting to and from the taxpayer's place of work is a nondeductible personal expense. Commissioner v. Flowers, 326 U.S. 465 (1966). Where a taxpayer incurs additional expenses because he has to transport his "tools" to work such additional expenses may be deductible as a business expense under section 162. Feistman v. Commissioner, 63 T.C. 129, 135 (1974); Fausner v. Commissioner, 413 U.S. 838, 839 (1974), affg. 472 F.2d 561 (5th Cir. 1973), affg. a Memorandum Opinion of this Court. Petitioner has the burden of proving that he in fact incurred an expense in excess of the non-deductible commuting expense in transporting the mattress and other items. *28 Fausner v. Commissioner, supra; Rule 142(a), United States Tax Court Rules of Practice and Procedure.
In the instant case petitioner has failed to meet his burden of proof. Petitioner's calculation of the extra cost in transporting the mattress and equipment was based on the supposed difference between operating his 1968 van and operating a Volkswagen or other small car and was not based on any actual data. Petitioner merely believed that it would cost at least 6 cents per mile more to drive a van to and from work than it would to drive a Volkswagen or other small car. Obviously, this is not sufficient to support the deduction. Petitioner never actually calculated the cost of driving the van while carrying the various items so that he could compare it to the actual cost of driving the van or his family car while not carrying such items. Furthermore, even if petitioner could show that the cost of driving the van did exceed the cost of driving a Volkswagen or other small car, he still would not prevail. Petitioner did not even own a Volkswagen or other small car but rather owned a Monte Carlo. At minimum petitioner needed to show that the cost of driving the van exceeded the *29 costs petitioner would have incurred in commuting to and from work in his car or the van without the mattress and other items. Based upon the evidence presented it is impossible for us to determine if petitioner incurred any additional expenses in commuting to and from work and we must therefore deny the deduction. Decision will be entered for the respondent. Footnotes
1. For taxable year 1976, petitioner Donald Wayne Myers filed as married filing separately and thus the deficiency for such year is asserted against him only. For the taxable year 1977 petitioner filed a joint return and thus the deficiency for such year is asserted against both petitioner and his spouse. 2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
3. Petitioner testified that he was told that for 1967 he could deduct $ 7 per day for meals when driving east of Oklahoma City and $ 8 per day when driving west of Oklahoma City. The allowable meal-expense-deduction figures given to petitioner for 1968 through 1975 were not disclosed by the parties.
4. Petitioner calculated the deduction by multiplying $ 15 times the number of days he was on the road in 1976 and 1977, or 155 and 165 days, respectively. 5. Respondent calculated the allowaqble deduction by multiplying $ 9.15 per day times the number of days petitioner was on the road in 1976 and 1977, or 168 and 165 days. The discrepancy between the 155 days petitioner claimed he was on the road in 1976 and the 168 allowed by respondent was not explained by the parties.↩
6. Petitioner calculated the deduction by multiplying the number of times he drove to and from work with the various items (133) by the number of miles to and from work from his home (28) times 6 cents per mile.↩
7. See Seckel v. Commissioner, T.C.Memo. 1974-170↩. 8. The only evidence of the amount of his expenditures for meals offered by petitioner was his testimony that he recalled that the expenditures recorded in his record book for 1977 averaged about $ 17 per day, and his testimony that since he ate four or five meals a day, his cost must have been more than $ 9.15 per day and at least $ 15 per day. We do not know how complete or detailed petitioner's records were for 1977; he testified that his records for 1976 were not very "consistent." Petitioner did not call any of his fellow truck-drivers to corroborate this testimony or to testify relative to the number of meals and cost thereof on sleeper operation trips. See Ranheim v. Commissioner, T.C.Memo. 1979-502↩.
9. We would not condone a practice by the taxpayer assistance division of giving out erroneous advice on the amount of per diem deductions that would be acceptable to the Internal Revenue Service, but this would still not excuse a taxpayer from complying with the law and the regulations. Furthermore, we have only petitioner's uncorroborated statement that such advice was given. Since petitioner claims to have eaten an abnormal number of meals per day it particularly behooved him to keep an accurate contemporaneous record of his meal expenditures at the time they were incurred.
10. Specifically, we find it unnecessary to decide whether it was necessary for petitioner to use the van to haul the equipment or whether the deduction should be calculated by comparing the cost of operating the van when hauling the various items to the cost of operating the van while not carrying such items, or instead should be calculated by comparing the cost of operating the van to the cost of operating petitioner's automobile. Nor do we decide whether the mattress and other items carried in the van, which appear to have been primarily for the comfort and convenience of petitioner, qualify as "job-required tools and material" within the meaning of Fausner v. Commissioner, 413 U.S. 838 (1974), affg. 472 F.2d 561↩ (5th Cir. 1973), affg. a Memorandum Opinion of this Court.