MERLE G. AND BARBARA D. HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 13567-79.
United States Tax Court
T.C. Memo 1982-143; 1982 Tax Ct. Memo LEXIS 600; 43 T.C.M. (CCH) 832; T.C.M. (RIA) 82143; March 23, 1982. Merle G. Hill, pro se. Patrick E. McGinnis, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 3,426 in petitioners' Federal income tax for 1977 and an addition to tax under section 6653(a)[1] of $ 171.30. The issues presented for decision are: 1. Whether *602 the activities of petitioner Merle G. Hill as a lawn mower repairman constituted a trade or business under section 162. 2. Whether petitioners are allowed depreciation expense and investment credit on a pleasure boat, a building, and a camper-trailer. 3. Whether amounts petitioners allegedly paid to their children are deductible as salaries or wages under section 162. 4. Whether petitioners have substantiated by adequate records in accordance with section 274 that they incurred $ 3,750 in automobile expense. 5. Whether petitioners' estimate of their out-of-pocket expenditures for lunches are personal, nondeductible expenditures or business expenses. 6. Whether petitioners used a portion or all of their residence exclusively for the conduct of the lawn mower repair activity. 7. Whether claimed expenses for rental, repairs, insurance, interest, bank charges, utilities, and uniforms and shoes are personal, nondeductible expenses under section 262. 8. Whether petitioners prepared their Federal income tax return for 1977 negligently or with intentional disregard for respondent's rules and regulations. Our findings of fact and opinion will be combined in order *603 to facilitate the discussion of the issues and their disposition. Some of the facts have been stipulated and are so found. Merle G. Hill and Barbara D. Hill (petitioners) were residents of Comanche, Oklahoma, when they filed their petition in this case. They filed a timely joint Federal income tax return for the year 1977. Petitioners' income tax return for 1977 was prepared by Tom Erickson of Hinton, Oklahoma, who was convicted of aiding and abetting in the preparation of fraudulent Federal income tax returns of several persons. Merle G. Hill was employed full-time as a refinery operator at the Sun Oil Company Refinery in Duncan, Oklahoma, which is about 11 miles from Comanche. Barbara D. Hill was employed full-time as a school cafeteria worker by the Board of Education of Comanche School District 1-2 in Comanche. Together they earned $ 25,020 from their jobs at the Sun Oil Company Refinery and the Comanche School District. 1. Claimed Expenses for Lawn Mower Repair Activity
The first year in which Mr. Hill claimed business expense deductions as a lawn mower repairman was 1977. He reported $ 1,015 in income from such work and claimed $ 10,868 in expenses. *604 Mr. Hill did his lawn mower repair work in his spare time at nights and on weekends. Mr. Hill did not maintain any regular books and records of his repair work, such as a general ledger, an accounts receivable ledger or an accounts payable ledger. He did not maintain a separate bank account for his repair activities. Most of his claimed expenses were merely estimates. However, he paid approximately $ 194.16 for repair expenses and machine hire. Section 162 provides that there be allowed as a deduction all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. The issue is whether Mr. Hill undertook his lawn mower repair activity with the primary intention and motivation of making a profit. Jasionowski v. Commissioner,66 T.C. 312 (1976). We hold on this record that Mr. Hill did not engage in his lawn mower repair activity in 1977 with the objective of earning a profit. See section 183; section 1.183-2(b), Income Tax Regs., listing the objective factors to be considered in determining whether an activity *605 is engaged in for profit; Golanty v. Commissioner,72 T.C. 411, 425-427 (1979), affd. by Court order (9th Cir. 1981); and Dreicer v. Commissioner,665 F.2d 1292 (D.C. Cir. 1981), revg. and remanding a Memorandum Opinion of this Court. His testimony clearly shows that he engaged in such activity for the sole purpose of creating alleged business losses to reduce his taxable income received from other sources and his income tax. The activity was not engaged in for profit. Moreover, he failed to carry his burden of proving that he incurred many of the claimed expenses for the activity or that he expended funds for them. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
2. Depreciation and Investment Credit
Petitioners deducted depreciation of $ 1,418 on Schedule C of their return. They also claimed $ 495 as investment credit on Form 3468. Depreciation was claimed on a building, a pleasure boat, and a camping trailer. Investment credit was claimed on 100 percent of the purchase cost of these items. During 1977 the petitioners lived in a mobile home in Comanche. Mr. Hill *606 testified that he bought a wooden building for $ 700 which was placed on the mobile home lot. He performed most of his lawn mower repairs in the building. Since no cancelled checks were submitted, Mr. Hill has failed to show the depreciable basis in the building. Salvage value has been ignored. In 1977 the petitioners purchased a used 15 1/2-foot pleasure boat, called a Runabout; and they bought a camping trailer for about $ 1,400. These were used for family and personal purposes, primarily for fishing at lakes in the vicinity of Comanche. Petitioners failed to establish that the building, the pleasure boat and the camping trailer were business assets. Accordingly, no depreciation expenses or investment tax credits are allowable on these items. 3. Claimed Salaries or Wages Paid to Child
Petitioners deducted $ 2,730 for salaries and wages paid to their son who was a full-time high school student. They did not substantiate the amounts allegedly paid to him during 1977. They did not file quarterly employment tax returns (Forms 941) during that year. Nor did they withhold income and social security taxes from the wages allegedly paid to their son. They did not *607 show what work their son performed in connection with the lawn mower repair activity. Section 162(a)(1) provides that there shall be allowed all the ordinary and necessary expenses incurred in a trade or business including reasonable salaries. The test for the deductibility of compensation for personal services is two-pronged: (1) whether the payment is actually intended to be purely for services and (2) whether the payment was reasonable for the services actually rendered. In the case of alleged compensation paid to a family member or to a close relative, the taxpayer must generally establish that an agreement to pay compensation existed, that the minor child was treated as an employee, and that the payments were for work actually performed. Here the petitioners have failed to establish that the alleged sums were actually paid, that any employment contract existed, and that their son actually worked, or that he was treated as an employee. Therefore, we sustain respondent on this issue. 4. Claimed Automobile Expense
Petitioners deducted $ 3,750 for automobile expense on Schedule *608 C of their return. This deduction represents Mr. Hill's claim that he drove 27,000 business miles during 1977. This sum is merely an estimate which includes mileage commuting to and from the Sun Oil Company Refinery and the Comanche School District. Petitioners did not keep a contemporaneous record of personal or business mileage driven during 1977. The petitioners have not substantiated their claimed automobile expenses. They appear to be artificially inflated and clearly excessive. A claim of 27,000 business miles driven while performing part-time work is simply not credible. If Mr. Hill worked every Saturday and Sunday during 1977 on his lawn mower repair activity he would have driven 519 miles every day of each weekend of 1977. It is undisputed that Comanche is about four miles square. We think it is impossible to drive 27,000 miles annually in a town four miles square. Furthermore, Mr. Hill was employed full-time 40 hours per week, five days per week for Sun Oil Company in Duncan, and could not have driven 27,000 miles after normal work hours and on the weekends. Accordingly, we sustain respondent's determination on this issue. 5. Lunch Expenditures
On *609 Forms 2106 (Employee Business Expenses) Mr. and Mrs. Hill claimed $ 720 and $ 126, respectively, for "meals and lodging" which covered their out-of-pocket costs for lunches. Section 162(a)(2) provides that a deduction shall be allowed for ordinary and necessary business expenses paid or incurred during the taxable year, including meals and lodging while away from home. Section 262 provides that no deduction shall be allowed for personal, family or living expenses. Section 1.262-1, Income Tax Regs., specifically provides that the cost of meals not incurred in traveling away from home are personal, nondeductible expenses. Here each petitioner's "tax home" was his or her respective place of employment. Petitioners' sole argument is that they should be allowed to deduct an estimate of their meal costs where they were required to work a long day with only a half hour for lunch. The argument is meritless. We hold for respondent on this issue. 6. Claimed Use of Residence for Lawn Mower Repair Activity
Petitioners claimed on Schedule C of their return lot *610 rent of $ 600, insurance expense of $ 506 and utilities expense of $ 140.
Section 280A(a) provides that no deduction shall be allowed with respect to the use of a dwelling unit used by the taxpayer as a residence. One exception to this general rule of disallowance is contained in section 280A(c) which provides that a portion of the dwelling unit, which is (1) used exclusively on a regular basis as taxpayer's principal place of business, or (2) used as a place of business used by clients to meet or deal with the taxpayer, or (3) a separate structure not attached to the dwelling used in connection with a trade or business, is deductible. In 1977 the petitioners paid $ 50 a month ($ 600 per year) to Lark Kirkpatrick for lot rent for their mobile home. A small wooden building was placed on the mobile home lot in which Mr. Hill did most of his lawn mower repair work. But petitioners were required to pay the $ 50 per month regardless of the presence or use of the wooden building. We think the lot rent was clearly a personal expense under section 262. Petitioners also deducted $ 506 consisting *611 of home owners insurance and medical insurance. Mr. Hill acknowledged that nearly all of his repair work was performed in the wooden shop building. Thus he failed to show that he used any portion of his mobile home exclusively for his repair work. In addition, he did not show the interior dimensions of his mobile home, its exterior dimensions, its options, its purchase cost, or its accessories. He also failed to introduce copies of his insurance policies. We hold that none of the claimed expenses are allowable because petitioners have not shown that the lawn mower repair work was a trade or business; they have not substantiated some of the payments of the amounts claimed; and they have not shown that any portion of their mobile home was used exclusively in the repair activity. 7. Claimed Miscellaneous Expenses
Petitioners claimed deductions for several expenses consisting of taxes, interest, bad debts, a driver's license, bank charges and the costs of uniforms and shoes. The expenses for interest, taxes and uniforms and shoes are not related to petitioner's alleged lawn mower business and are thus deductible only on Schedule A, not Schedule C. Petitioners claimed the *612 zero bracket amount for 1977 and, therefore, have claimed a double deduction to the extent that these "expenses" should have been deductible on Schedule A only. Mr. Hill testified that he deducted $ 60 for a bad debt allegedly owed by Whoopy Smith. Petitioners have failed to establish that there was a valid and enforceable debt owed to them by Mr. Smith. Therefore, the deduction was properly disallowed by respondent. Petitioners also deducted $ 60 for claimed bank charges expense. This is a personal, nondeductible expense. During 1977 petitioners utilized their personal bank account to deposit income and pay expenses. The sum of $ 60 represents an estimate of the monthly service charges on this personal bank account. Petitioners failed to utilize a separate bank account for their lawn mower repair activity, commingling all receipts and disbursements for the alleged "business" into their personal account. In addition, the cost of a driver's license is nondeductible. The purchase cost and maintenance of uniforms or special clothing are deductible only if (1) they are specifically *613 required as a condition of employment and (2) they are not adaptable to general or continued use to the extent that they take the place of regular clothing. Rev. Rul. 70-474, 1970-2 C.B. 34. If the special clothing or uniform is adaptable for use as general street attire, its cost is not deductible. Fausner v. Commissioner,T.C. Memo. 1971-277, affd. 472 F.2d 561 (5th Cir. 1973), affd. per curiam 413 U.S. 838 (1973). Petitioners have failed to carry their burden of proof on this issue. They failed to introduce any records, cancelled checks or receipts substantiating the purchases of clothes, gloves, boots or shoes. 8. Section 6653(a) Addition to Tax
Section 6653(a) provides that an addition to tax shall be due from a taxpayer in the amount of 5 percent of the underpayment if the return was prepared negligently or with intentional disregard of rules and regulations.While a taxpayer may rely upon the advice of a preparer, Eagle v. Commissioner,242 F.2d 635 (5th Cir. 1957), such reliance must be reasonable. *614 Here the petitioners grossly overstated their business expenses. While they claimed $ 890 for repairs and parts purchases and $ 150 for machine hire, their actual receipts totaled only $ 174. They purchased a pleasure boat, a camper, and a trailer and claimed depreciation and investment credit even though they were used primarily for personal purposes. The full purchase cost was used for depreciation and investment credit purposes without any reduction for salvage value or for personal use. Petitioners failed to keep even rudimentary financial books of account and records. They did not maintain a general ledger, an accounts receivable ledger or an accounts payable ledger. They deducted 100 percent of the lot rent, where their mobile home was parked, as a business expense even though such rent was paid for their personal residence. They claimed $ 2,730 for salaries and wages expense for amounts allegedly paid to their son. No cancelled checks, receipts, or documents were produced to establish that these amounts were paid or that they were bona fide wages. Petitioners failed to report these alleged wages to the Internal Revenue Service and failed to file employment tax returns *615 as required by law. They deducted their home owners insurance policy as a business expense. They deducted $ 225 for legal fees when none, in fact, were ever paid. Petitioners claimed 27,000 miles as a business expense even though their own records establish that they drove only 1,555 miles. The travel and expense deduction was grossly inflated. Petitioners deducted all of the service charges on their personal bank account. They even deducted the estimated costs of their lunches at their respective places of employment. In short, they signed and submitted an income tax return knowing that it was incorrect. Accordingly, we sustain respondent's determination on this issue and conclude that the petitioners are liable for the addition to tax under section 6653(a) because they were negligent and intentionally disregarded rules and regulations. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during 1977, unless otherwise indicated.↩